FELICIA MARRA, as Administratrix, etc., of FRANK MARRA, Deceased, Respondent, *v.* HAMBURG-AMERIKANISCHE PACKETFAHRT ACTIEN GESELLSCHAFT, Appellant.

Second Department, November 2, 1917.

Ships and shipping — negligence — when vessel unseaworthy — defective ring holding derrick boom — when foreign owners liable in common-law action — when contract employing seamen governed by law of this State — when foreign law governing right of recovery ineffective here.

A vessel is unseaworthy within the purview of the Federal law where a ring attached to a mast to hold the lower end of a derrick boom used to load the vessel while at dock was defective.

Hence, the administratrix of a member of the crew of such ship, who was killed by the breaking of said ring while engaged in loading the vessel while lying at a pier in the city of New York, can maintain a common-law action against the owners to recover damages.

Where the contract engaging the seaman was made in the State of New York and was to be completed here the State law governs, although the ship sailed under a foreign flag and the ship's articles, drawn under a foreign law, provided that there should be no cause of action for personal injuries by reason of negligence of the ship owner or his servants unless a court of competent criminal jurisdiction determined that the injuries were caused willfully or intentionally by the owner, and restricted the recovery to compensation under the German Workmen's Compensation Act.

Although a complaint is framed with reference to the New York Employers' Liability Act there may be a recovery at common law if it states a cause of action at common law.

APPEAL by the defendant, Hamburg-Amerikanische Packetfahrt Actien Gesellschaft, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 26th day of June, 1916, upon the decision of the court awarding plaintiff $5,000, both sides having waived a jury trial.

*Richard J. Kent* [*A. Leonard Brougham* with him on the brief], for the appellant.

*Achille J. Oishei-Hoschek,* for the respondent.

JENKS, P. J.:

The action is for negligence. The court upon consent tried the case without a jury. Concededly the admissions

and stipulations of the parties presented only questions of law.

The defendant, a corporation of the German Empire, worked a steamship line between that territory, the city of New York and the West Indies. It made a contract in the city of New York with Marra as boatswain, to work on its freight steamship from that city to the West Indies and to return to the city. When the ship lay at a pier in the city of New York, the lower end of a derrick boom, attached to a mast, became detached by the breaking of a ring around that mast, and swung out so that it struck and killed Marra, then about his work. The casualty was due to the negligence of the defendant in inspection, in permitting the said ring and attachment to become defective, and in placing Marra at work that defendant knew was dangerous. Additional facts, relied upon by the defendant, are that the ship sailed under the German flag; that Marra signed the ship's articles, or " *musterrolle*," being the contract between the captain and all persons who enlisted; that at that time and thereafter the German law provided that persons in his status should not have any right or cause of action for personal injuries by reason of the neglect of duty, or act or omission of the owner of the ship or his servants, unless a court of competent criminal jurisdiction determined that the injuries were caused willfully or intentionally by such owner; that such law, in case of personal injuries due to negligence of the owner, provided that the person injured should have the right to claim compensation under the German Workmen's Compensation Act. The defendant states in its brief that it pleads such law, not for the purpose of having it enforced in our court, " but, rather, for the purpose of showing that, under the law which, we contend, *exclusively* governed the status occupied by the parties, the plaintiff has no right of action for damages against defendant, but is exclusively confined to the more enlightened system of compensation which is prescribed thereby in lieu of the ancient and now discarded system of suing for damages."

I think that the defective apparatus was within the purview of the word " unseaworthiness." (*The Southwark*, 191 U. S. 1, 8.) And I am of opinion that the judgment can be

sustained as rendered in an action at common law. (*The Osceola*, 189 U. S. 175.) The contract of employment was made in the State of New York and was to be completed there. *Lex loci contractus* controls. (*Schweitzer* v. *H.-A. P. A. Gesellschaft*, 149 App. Div. 905, and cases cited; *Liverpool Steam Co.* v. *Phenix Ins. Co.*, 129 U. S. 397, 448.) Although the complaint is framed with reference to the New York Employers' Liability Act, it states a cause of action at common law, and the facts justify a judgment accordingly.

I advise affirmance, with costs.

MILLS and RICH, JJ., concurred; STAPLETON, J., concurred in the result; THOMAS, J., concurred in separate memorandum.

THOMAS, J. (concurring):

In behalf of a. person employed at a port of this State for service as a seaman on a foreign or domestic vessel, the law requires that the employer shall furnish a seaworthy ship, whereon the employment may begin and be prosecuted. In the present instance the vessel was unseaworthy, and the plaintiff was thereby injured, and so the defendant becomes liable by reason of its culpable negligence.

Judgment unanimously affirmed, with costs.