JACENTAS MALUKAS, Respondent, *v.* OVERSEAS SHIPPING COMPANY, INC., Appellant.

Second Department, June 3, 1921.

Ships and shipping — negligence — action by longshoreman for injury received while using defective truck in loading boat — longshoreman not bound to use defective appliances — existence of maritime lien does not affect longshoreman's common-law rights.

In an action by a longshoreman to recover for personal injuries received while loading a boat, the issues of negligence, contributory negligence and assumption of risk were for the jury, where it appeared that the truck was defective and that defendant's representative, who had been notified of the defect, told the plaintiff that it was all right and to go on with the work.

A longshoreman does not stand in the same class as a seaman; the former can quit the job, but by ship's discipline seamen must obey and keep on using the ship's appliances.

The fact that plaintiff has the security of a maritime lien does not change his rights and duties in this action at common law.

APPEAL by the defendant, Overseas Shipping Company, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 3d day of November, 1920, on the verdict of a jury for $2,000, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*E. C. Sherwood* [*Benjamin C. Loder* with him on the brief], for the appellant.

*Warren Bigelow* [*Silas B. Axtell* with him on the brief], for the respondent.

PUTNAM, J.:

Plaintiff, a longshoreman, not a seaman, was loading steel billets upon an outward-bound steamer at Hoboken in March, 1918, during the war. Defendant as employer is sued for personal injuries from defects in a truck in having a bent axle. It was to carry heavy steel billets from the hatch to the stowage in the lower betweendecks. After testimony that this defect had been complained of to defendant's representa-

tive, who told the men that it was all right and to go on, and that later the truck tipped over, letting the billets strike plaintiff, the issues of negligence, contributory negligence and assumption of risk were for the jury; and no error is found in the court's charge. A longshoreman does not stand in the same class as a seaman; the former can quit the job, but by ship's discipline seamen must obey and keep on using the ship's appliances. (*Eldridge* v. *A. S. Co.*, 134 N. Y. 187; *Cricket S. S. Co.* v. *Parry*, 263 Fed. Rep. 523.) The circumstance that stevedores now have the security of a maritime lien (*Atlantic Transport Co.* v. *Imbrovek*, 234 U. S. 52) does not change their rights and duties when suing an employer at common law.

The judgment and order are, therefore, affirmed, with costs.

Present — BLACKMAR, P. J., MILLS, RICH, PUTNAM and JAYCOX, JJ.

Judgment and order unanimously affirmed, with costs.