FRED H. MERRIAM, Appellant, *v.* FRED BROOKS, Respondent.

Fourth Department, October 18, 1922.

Workmen's Compensation Law — action by employee against uninsured employer under Workmen's Compensation Law, § 11, to recover for personal injuries resulting from violation of Labor Law, § 18 — prima facie proof that employment was in occupation carried on by employer for pecuniary gain — no proof by defendant to meet it — error to submit question to jury with instructions that if found in negative verdict must be for defendant — even if Workmen's Compensation Law did not apply jury should have been permitted to find for plaintiff on common-law principles of negligence — Workmen's Compensation Law, § 21, not applicable — burden of proving employment not in occupation carried on for pecuniary gain is on employer.

In an action under section 11 of the Workmen's Compensation Law by an employee against an employer, who did not carry compensation insurance, to recover for personal injuries resulting from a violation of section 18 of the Labor Law (Laws of 1909, chap. 36), it was error for the court to submit to the jury the question whether the employment was in an occupation carried on by the employer for pecuniary gain with instructions that if they found in the negative their verdict must be for the defendant, where the plaintiff introduced enough evidence to make out a *prima facie* case that the occupation was carried on for pecuniary gain and there was no proof by the defendant to meet it, as there then was no question to submit to the jury upon that point; and, moreover, even if the Workmen's Compensation Law did not apply, the jury should have been permitted to find for the plaintiff on common-law principles of negligence as the pleadings and proof were sufficient to sustain such a finding.

*It seems*, that section 21 of the Workmen's Compensation Law, relating to presumptions in proceedings to enforce compensation claims, has no application.

*It seems*, that where the work comes within one of the hazardous classes the burden is on the employer to show that the Workmen's Compensation Law is inapplicable.

APPEAL by the plaintiff, Fred H. Merriam, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Lewis on the 23d day of November, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the 22d day of November, 1921, denying plaintiff's motion for a new trial made upon the minutes.

*P. H. Fitzgerald* [*Edward L. Smith* of counsel], for the appellant.

*Frank Bowman*, for the respondent.

SEARS, J.:

On September 27, 1919, the defendant hired the plaintiff for that single day to work for him in the construction of a frame dwelling house which the defendant was erecting. A few hours later, while at work, the plaintiff sustained personal injury in a fall occasioned by the breaking of a plank in the scaffold or platform upon which he was standing, which had been put up by the defendant several days before. The defendant carried no compensation insurance. The complaint set forth these facts and also alleged that the breaking of the scaffold was due to the negligence of the defendant. Upon the trial evidence was produced which sustained all these allegations of the complaint including the negligence of the defendant.

The defendant contended that these facts were insufficient to establish a cause of action under section 11 of the Workmen's Compensation Law (as amd. by Laws of 1916, chap. 622).* His contention was that it was incumbent upon the plaintiff to establish that the employment of the plaintiff was in a trade, business or occupation carried on by the employer for pecuniary gain or in connection therewith and that the plaintiff had failed to prove this. (Workmen's Compensation Law, § 3, subd. 5, as amd. by Laws of 1917, chap. 705.) The plaintiff showed upon the trial that the defendant, who was living apart from his family at a hotel, was a lumber jobber and beside the house upon which the plaintiff was working he had built other houses. The learned trial judge left two questions to the jury: *First*, was the plaintiff's employment in a trade, business or occupation carried on by the employer for pecuniary gain; and *second*, was the defendant negligent in con-

* Entire statute in amended form is now Consol. Laws, chap. 67; Laws of 1922, chap. 615.— [REP.

structing the scaffold, and he instructed the jury that an affirmative answer to both these questions was essential to a verdict for the plaintiff. The plaintiff's counsel thereupon asked the court to " determine as a matter of law that the plaintiff is entitled to have the case submitted without the question as to whether or not the defendant was engaged in the pecuniary profit at that time," which request the court denied and exception was taken. The defendant then made the following request:

" I ask your Honor to charge the jury that if they find on the first proposition that the enterprise of building the dwelling house which the plaintiff was employed in by the defendant was not for pecuniary gain within the meaning of the law, that then their verdict must be for the defendant, and that they need not consider the element of whether or not there was negligence in building the scaffold." This the court charged and the plaintiff excepted.

These exceptions give rise to two questions: Was there a question of fact for the jury as to the employment of the plaintiff being in a trade, business or occupation carried on by the defendant for pecuniary gain and if the jury could properly have found that the employment of the plaintiff was not within the definition of " employment " contained in the Workmen's Compensation Law, was there no other theory upon which, under the pleadings and proof, the plaintiff might recover?

No case has been called to our attention, nor have we found any, which passes upon the question as to where the burden of proof lies in respect to the employment being in an occupation carried on by the employer for pecuniary gain in an action under section 11 of the Workmen's Compensation Law when the work of the employee is in one of the classes specified as hazardous. The question probably will seldom arise. Surrounding circumstances will generally be so easy of proof as to remove any doubt. Section 21 of the Workmen's Compensation Law referring to presumptions in proceedings to enforce compensation claims probably has no application to such an action as this. The knowledge of the fact, however, is peculiarly with the defendant and it would seem as though the rule should be that where the work comes within one of the hazardous classes, the burden should rest on the defendant to show the Workmen's Compensation Law to be inapplicable. Certainly in this case enough was shown as stated above, to make out a *prima facie* case requiring proof on the defendant's part to meet it, and in the absence of such proof the application of the statute was established and no question for the jury remained.

Even should the defendant's position as to the inapplicability

of the Workmen's Compensation Law be accepted, the defendant would be in no better position. In that case it was open to the plaintiff to rely on the ordinary common-law principles of negligence. The complaint contained all the allegations essential to an action for negligence, and the proof was sufficient to sustain them. The defendant cannot be heard to say in one breath that the Workmen's Compensation Law does not apply but that the Workmen's Compensation Law has done away with the common-law action for negligence. If the Workmen's Compensation Law was inapplicable (as the defendant contends), it was not a defense to the right to recover for the defendant's negligence in violating the provisions of section 18 of the Labor Law (Consol. Laws, chap. 31 [Laws of 1909, chap. 36], as amd. by Laws of 1911, chap. 693; now Consol. Laws, chap. 31 [Laws of 1921, chap. 50], § 240). (*Marra* v. *Hamburg-Amerikanische P. A. Gesellschaft,* 180 App. Div. 75; *Carr* v. *Gottschaldt,* 181 id. 810.)

For these reasons the judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

All concur.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.