SUSAN BENNETT, as Administratrix of DAVID FERGUSON BENNETT, Also Known as DAVID BENNETT FERGUSON, Plaintiff, *v.* WILLIAM CONNELLY et al., Defendants.

Supreme Court, Kings Special Term, December, 1923.

Ships and shipping — action to recover damages for death of seaman at foreign port — Jones Act of June 5, 1920, applicable — motion for judgment on pleadings on ground that state courts have no jurisdiction denied.

A ship is a part of the territory of the country whose flag she flies.

A vessel owned by defendants whose principal place of business was and is in the city of Buffalo, N. Y., was registered under the flag of the United States and plied between the ports of the Great Lakes. While the ship was making dock at Montreal, Canada, plaintiff's intestate, a seaman in defendant's employ on the said vessel, was accidentally killed. *Held*, that the Jones Act of June 5, 1920, was applicable to the accident.

Whether the last sentence of section 20 of the said Jones Act which declares that "Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located," is merely regulatory or only applicable to actions brought in federal courts, it can have no effect on the sufficiency of the complaint, and defendant's motion for judgment on the pleadings upon the ground that the state courts have no jurisdiction will be denied.

MOTION for judgment on pleadings.

*William A. Blank*, for plaintiff.

*Duncan & Mount (Russell T. Mount*, of counsel), for defendants.

LAZANSKY, J. Motion by one defendant for judgment on the pleadings in an action for death of plaintiff's intestate caused by defendants' negligence. The intestate was in the employ of defend-

ants as a seaman on a steamship plying between ports of the Great Lakes. The defendants' principal place of business was and is in the city of Buffalo. The accident which brought about the death of intestate occurred while the ship was making dock at Montreal, Can. The argument proceeds upon the theory that the tort was maritime; the vessel registered under the flag of the United States, and recovery sought, as stated in the bill of particulars, under the so-called Jones Act of June 5, 1920.* The defendant raises the question that the Jones Act has no application to an accident happening in the waters of a foreign jurisdiction. I shall follow the rule stated by U. S. District Judge Cushman in *Wenzler* v. *Robin Line S. S. Co.,* 277 Fed. Rep. 812. It seems to me that the conclusion there reached is based upon reason and justice. It means that as long as the seaman is aboard his vessel the obligations of the owner to him as to torts are measured by one law — the law of the flag. To follow the rule contended for by defendant, that the law of the country in whose waters the vessel is at the time of the accident applies, might mean that for every port the seaman would have to look to a different law for a definition of his rights. The basis of the conclusion in the *Wenzler* case on this question is that a ship is a part of the territory of the country whose flag she flies. In *Cunard* v. *Mellon,* 262 U. S. 100, the court had under consideration the meaning of the word " territory " in the Eighteenth Amendment to the Constitution, which prohibits the manufacture, sale or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from the United States and all *territory* subject to the jurisdiction thereof for beverage purposes. The court held that the word " territory " meant " physical " territory and not " figurative " territory; that the expression " the ship follows the flag " was a metaphor. Referring to the contention that the amendment also covers domestic ships outside the waters of the United States, whether on the high seas or in foreign waters, the court says (p. 123): " But it does not say so, and what it does say shows, as we have indicated, that it is confined to the physical territory of the United States." But in the Jones Act, Congress, in my opinion, has stated, in effect, that the law is applicable to an accident happening in foreign waters. It appears by section 20, " That any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common law right or remedy in cases of personal injury to railway employees shall apply; * * *." Congress must have had in mind the fact that employment of a seaman often extends beyond

---

*41 U. S. Stat. at Large, 1007.

domestic inland waters and the high seas. It, therefore, intended by the use of the language above quoted, " in the course of his employment," that the act should apply wherever the seaman was, whether at home, on the high seas, or in foreign inland waters. The second proposition urged by defendant is that the state courts have no jurisdiction. This has been otherwise decided. *Tammis* v. *Panama R. R. Co.,* 202 App. Div. 226; *Lynott* v. *Great Lakes Transportation Co.,* Id. 613. Defendant also contends that if the state courts have jurisdiction the action must be brought within the federal jurisdiction in which is located defendants' residence or principal place of business, and that the state court outside of that federal district has no jurisdiction in such an action. The last sentence of section 20 of the Jones Act is as follows: " Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located." With reference to that sentence it is stated in the *Tammis Case, supra,* at page 230, as follows: " It seems to me that this was a regulation providing for the venue of such actions when brought in the District Court of the United States. And as this case is to be sent back for a new trial it may be that this action at common law should be tried in the First Judicial District of the State, which is the district in which the principal office of the defendant is located." It will be observed that it was stated that this provision was merely a regulation. It, therefore, does not involve a question of jurisdiction. In the *Lynott Case, supra,* it is stated with reference to this provision, at page 619: " The section in respect to jurisdiction may well be construed to mean that jurisdiction in such actions shall be under the District Court of the United States of the district in which the defendant employer resides or in which his principal office is located, where the jurisdiction of the United States courts is invoked, and that the jurisdiction of the State courts otherwise remains as heretofore to apply the common-law remedy." Whether, therefore, the provision is merely regulatory or is only applicable to actions brought in federal courts, it can have no effect here on the sufficiency of the complaint. Motion denied, with ten dollars costs.

Ordered accordingly.