GEORGE CLARK, Respondent, *v.* MONTEZUMA TRANSPORTATION COMPANY, LTD., Appellant, Impleaded with WARNER-QUINLAN ASPHALT COMPANY, Defendant.

Second Department, June 1, 1926.

**Ships and shipping — action by American seaman to recover for injuries suffered while at work on British steamship lying at wharf in Jersey City — Merchant Marine Act of 1920, § 33 (41 U. S. Stat. at Large, 1007), is not applicable — law of Great Britain controls.**

In an action by an American seaman to recover for injuries suffered while at work on a British steamship lying at a wharf in Jersey City, N. J., section 33 of the Merchant Marine Act of 1920 (41 U. S. Stat. at Large, 1007) does not apply, for the rule is that the rights of an American, who becomes a seaman on a British ship, must be determined under the British law on the theory that the law of the country follows its flag.

APPEAL by the defendant, Montezuma Transportation Company, Ltd., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 20th day of April, 1925, directed by the court upon the special verdict of a jury for $1,500, and also from an order entered in said clerk's office on the 17th day of April, 1925, denying defendant's motion for a new trial made upon the minutes.

*Morton L. Fearey* [*Ray Rood Allen* and *Roy H. Caldwell* with him on the brief], for the appellant.

*Simone N. Gazan* [*Frederick R. Graves* with him on the brief], for the respondent.

YOUNG, J. This action was brought to recover damages for personal injuries which the plaintiff sustained while working on board a British steamship which lay at a wharf in Jersey City, N. J. Plaintiff had been employed by the mate of the ship, and had worked for about two weeks prior to the accident. Extensive repairs were being made to the ship, and when plaintiff was hurt, it appeared that an evaporator was being moved from one side of the engine room to the other. There is no question raised as to the sufficiency of the evidence to show negligence on the part of plaintiff's fellow-servants in doing the work which caused plaintiff's injuries.

The only point presented by the appellant is whether the Merchant Marine Act of 1920, known as the Jones Act, is applicable, for, as the case comes to us, unless this act does apply, plaintiff cannot recover. (41 U. S. Stat. at Large, 988, chap. 250; Id. 1007, § 33, amdg. Seamen's Act of 1915 [38 id. 1164, chap. 153; Id. 1185], § 20, known as the La Follette Act.) Plaintiff was injured through the negligence of fellow-servants, and the act referred to permits recovery in such case where a seaman is injured. The plaintiff alleges, upon information and belief, that he was employed in the capacity of a seaman, and he testified that he had been a seaman for about seven years. He was employed as a pump man. He had never been to sea in this particular ship. He was employed while the ship lay at the wharf, and had never signed any articles for shipment on the vessel. The appellant maintains in the first place that, according to many decisions of the courts, the British law is applicable to the plaintiff, under the circumstances shown, and that the Jones Act has no application.

The appeal presents an interesting question. The learned justice presiding at the trial stated the general rule that, in the absence of a statute otherwise providing, the rights of a crew of a ship who have signed articles are determined by the laws of the

flag under which the ship sails, citing *Wenzler* v. *Robin Line S. S. Co.* (277 Fed. 812), and that, when an American makes a contract in this country for a foreign voyage on an American ship, and he is injured in a foreign port, the law of the flag governs. (*Bennett* v. *Connelly*, 122 Misc. 149.) Furthermore, he was of the opinion that where the contract is made in this State to work on a foreign vessel, and the accident happens here, the laws of this jurisdiction control, citing *Marra* v. *Hamburg-Am. P. A. Gesellschaft* (180 App. Div. 75).

In my judgment, the *Marra* case is not authority upon the question presented by the present appeal, namely, whether the injury occurred in contemplation of law in American territory or in foreign territory. The *Marra* case plainly turned upon the question of the unseaworthiness of the ship, the court stating that the proof showed that the ship was unseaworthy, and that, for this reason, the judgment could be sustained in an action at common law. This is expressly held in *Chelentis* v. *Luckenbach S. S. Co.* (247 U. S. 372, 380). In the present case, although there is an allegation in the complaint that the ship was unseaworthy, the question was eliminated from the case by the trial justice, and is not presented by this appeal.

The respondent insists that the plaintiff is to be regarded as an American seaman because he had not signed articles for any voyage on a foreign ship. Of course, if this proposition is correct, he is entitled to recover for the negligence of his fellow-servants, under the Jones Act.

Plaintiff asserts that he is a seaman, and that he was employed on a British ship, and even sets out in his complaint that the law of Great Britain gave him a cause of action to recover for his injuries because of the unseaworthiness of his ship. This phase of the case, as I have stated, was eliminated at the trial. It seems to me that, if, as plaintiff alleges, he is to be regarded as a seaman, it must follow that he was a seaman on board a British ship. The Jones Act provides only for seamen, and, if he is to get the benefit of this law, he must be regarded as a seaman at the time of the accident. He has alleged his employment as a seaman upon a British ship, and I cannot see that the fact that he had not signed articles for the vessel changes his status, so far as the present case is concerned.

The appellant cites a number of cases where a situation the converse of that presented here was shown, namely, where the vessel was an American vessel and the seaman aboard her was likewise an American, but the injury to the seaman occurred in a foreign port, and, in these cases, it was held that the American law applied, and that the American seaman employed on an American

ship, although hurt in a foreign port, was entitled to the benefits of the American law. Some of these cases are as follows: *Thompson Towing & Wrecking Assn.* v. *McGregor* (207 Fed. 209); *Rainey* v. *New York & P. S. S. Co.* (216 id. 449); *Panama R. Co.* v. *Johnson* (289 id. 964).

In *Wenzler* v. *Robin Line S. S. Co.* (*supra*) a seaman employed on an American ship was injured in Havana harbor and the court held specifically that the American law and the Jones Act applied and not the Cuban law. The same thing was held in *Bennett* v. *Connelly* (*supra;* affd., 208 App. Div. 852).

It seems to me, therefore, that there is no escape from the conclusion that plaintiff, being injured upon a British ship, was subject to British law. But it is argued that the Jones Act applies to plaintiff as an American seaman, even though employed upon a foreign ship, he being injured at an American port. The trial justice states that this point was not altogether clear, but that the language of the Jones Act providing that any seaman who shall suffer personal injuries may bring an action, etc., would seem to show the intention on the part of Congress to give the protection of the Jones Act to all seamen. No case is cited as supporting this view, and, so far as I can find, there is none. I think the Jones Act, by its terms, indicates its application only to seamen employed upon American vessels. The statute is entitled: "An act to provide for the promotion and maintenance of the American merchant marine."

In *Tammis* v. *Panama Railroad Co.* (202 App. Div. 226, 229) Justice KELLY referred to the Jones Act as considering the rights and remedies of the seamen employed upon American vessels, and, in *Martis* v. *Union Transport Co., Inc.* (207 App. Div. 381, 385), Justice KELBY, referring to the same act, states that the heading of the title refers to merchant seamen, and then states that the provisions under that title all relate to vessels belonging to citizens of the United States and the employment, wages, protection, discharge and rights of merchant seamen. The point involved in *Martis* v. *Union Transport Co., Inc.*, was whether or not a stevedore was to be regarded as a seaman and so entitled to the rule abrogating the fellow-servant doctrine.

It seems to me that, in view of the many decided cases which have upheld the right of an American seaman employed upon an American ship to recover under the Jones Act even though he was injured in a foreign port, on the ground that the law followed the flag, it should be held in the present case that plaintiff's employment upon a British ship subjected him to the British law; that in his case, too, the law followed the flag, and that it was not intended by the Jones Act to change this well-established rule,

and that the Jones Act should be regarded as applicable only to seamen employed upon American ships. They are protected by the Jones Act, according to the decisions referred to, no matter where they may be injured.

It follows that the judgment and order should be reversed upon the law, with costs, and the complaint dismissed, with costs.

KELLY, P. J., RICH, MANNING and LAZANSKY, JJ., concur.

Judgment and order reversed upon the law, with costs, and complaint dismissed, with costs.