### THE PINAR DEL RIO.

(Circuit Court of Appeals, Second Circuit. January 10, 1927.)

No. 151.

1. Admiralty ⊜⟹5—In libel for injuries to Spanish seaman on British ship, nationality of libelant held immaterial.

In libel by Spanish seaman for injuries while member of crew of British ship lying in port of Philadelphia, nationality of libelant *held* immaterial; case being same as if he had been an Englishman.

2. Seamen ⊜⟹29(1)—Injured seaman on British ship held not entitled, under law of Great Britain, to recover in libel against ship.

Member of crew of British ship, injured while it lay in port of Philadelphia, *held* not entitled to recover damages in libel against ship, under law of Great Britain, if applicable.

3. Seamen ⊜⟹29(3)—Seaman injured through negligence of mate held not entitled to recover in libel against vessel under general maritime law.

Seaman on British ship, injured while it lay in port of Philadelphia through negligence of mate in selecting old rope for use in painting smokestack, *held* not entitled to recover damage in libel against ship under general maritime law, if applicable.

4. Seamen ⊜⟹29(3)—Seaman injured through negligence of mate held not entitled to recover under Jones Act in libel against ship (Jones Act, § 33 [Comp. St. § 8337a]).

Seaman on British ship, injured while it lay in port of Philadelphia through negligence of mate in furnishing defective rope for use in painting smokestack, *held* not entitled to recover under Jones Act, § 33 (Comp. St. § 8337a), if applicable in libel against ship.

5. Maritime liens ⟨⟩17—Seamen ⟨⟩29(1)—Grant of right to sue in admiralty does not confer maritime lien, and statute gives no lien on ship to injured seaman (Jones Act, § 33 [Comp. St. § 8337a]).

Grant of right to sue in admiralty does not confer a maritime lien, as appurtenant to that right; hence Jones Act, § 33 (Comp. St. § 8337a), gives injured seaman no lien on ship for damages.

Appeal from the District Court of the United States for the Southern District of New York.

Libel by H. Plamals against the steamship Pinar Del Rio, her engines, etc.; H. T. White, claimant. From a decree dismissing his libel, libelant appeals. Affirmed.

Libelant is a Spaniard, who at the time of his injury was a member of the crew of the British ship Pinar del Rio, then lying in the port of Philadelphia.

Libelant was ordered by the first mate to paint the upper portion of the smokestack. He was to get there in a "boatswain's chair," which by means of a rope and other appropriate tackle was to be hauled to the place where libelant was to work. The rope which was selected by the mate broke while libelant was being hauled up. He fell to the deck and received serious injuries. The rope that broke was old and worn; there was plenty of good rope aboard that could have been used.

This libel in rem was brought to recover in respect of the personal injuries sustained. The ground of recovery, as stated in the libel, is that libelant's injuries "were due to the fault or neglect of the said steamship or those in charge of her, in that said rope was old, worn, and not suitable for use, in that the libelant was ordered to perform services not within the scope of his duties, and in other respects which libelant will point out upon the trial of this action."

There was no evidence that painting the smokestack was not within the scope of libelant's duties.

At trial libelant's proctor asserted that suit was brought under section 33 of the so-called Jones Act (41 Stat. 1007 [Comp. St. § 8337a]), because at the time of the accident the steamship was lying within the territorial waters of the United States. The court below dismissed the libel, and libelant appealed.

Silas B. Axtell, of New York City (Charles A. Ellis, of New York City, of counsel), for appellant.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (Cletus Keating, Vernon S. Jones, and Edward B. Long, all of New York City, of counsel), for appellee.

Before HOUGH, MANTON, and MACK, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). The libel is drawn as for a cause of action arising under the general maritime law, and against a vessel of the United States. There is no allegation of the now admitted truth that the steamer was British, no reference to any statute, and it is not alleged that the vessel was unseaworthy.

It is useless to predicate anything on such pleadings, and as no point has been made of their infirmity we shall consider whether, on the facts proven and under any applicable law, libelant has a case.

In order to recover it must appear (1) that there exists a good cause of action for a maritime tort; and (2) that a maritime lien arises through and by the tort.

[1] That libelant is a Spaniard is immaterial; the case is the same as if he had been an Englishman. The Hanna Nielsen (C. C. A.) 273 F. 171, citing The Belgenland, 114 U. S. 365, 5 S. Ct. 860, 29 L. Ed. 152.

[2] If the applicable law is that of Great Britain, it is admitted that no "indemnity" (i. e., damages) can be claimed. Sullivan v. Nitrate, etc., Co. (C. C. A.) 262 F. 371, at page 373.

[3] If that law be the general maritime law, as known and applied in the United States, libelant can recover neither against the vessel nor her owners, for the "improvident and negligent" act of the mate in selecting for libelant's use an insufficient rope. The Osceola, 189 U. S. 158, 23 S. Ct. 483, 47 L. Ed. 760. If the vessel had been unsupplied with good and proper rope, a different question would arise.

[4] There remains the question of the applicability of the Jones Act, § 33.

Whether this section applies at all to foreign vessels within our territorial waters has in our judgment been well discussed in Clark v. Montezuma, etc., Co., 217 App. Div. 172, 216 N. Y. S. 295, but the general question of applicability does not here arise.

Let it be admitted that had this steamer been American, either a libel in personam or an action at law against her owners would have lain under the Jones Act; as much is said in Panama R. R. v. Johnson, 264 U. S. 375, 390, 44 S. Ct. 391, 68 L. Ed. 748 et seq.

The effect of that statute has been to import the federal Employers' Liability Act of

1908 (Comp. St. §§ 8657–8665) into the maritime law of this country.

[5] But to grant the right to sue in admiralty does not confer a maritime lien as appurtenant to the right. A lien grows out of a proprietary right; it is jus in re, and is stricti juris, as has been often held. No words can be pointed out in the Jones Act directly or indirectly conferring a lien.

The section invoked gives a seaman "his election" to "maintain an action for damages at law," and "in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply." It would be a rather gross form of judicial legislation to find in such words the grant of a jus in re; the res being the ship on which the cause of action arose.

We therefore hold that, because no lien exists, even as against a vessel of the United States, by reason of the matters proven herein, there is no lien against this British vessel. Wherefore the decree dismissing the libel was right, and is affirmed, with costs.