## ZAROWITCH v. F. JARKA CO., Inc.

District Court, E. D. New York. August 15, 1927.

**Seamen ⬅2—Stevedore, injured while loading foreign ship at New York, held entitled to maintain action for injury under Merchant Marine Act; "foreign seaman" (Merchant Marine Act, § 33 [46 USCA § 688]).**

That an employee of a stevedoring company of New York, at the time he was injured in that port, was engaged in loading cargo on a foreign ship, did not make him a "foreign seaman," but he is entitled, in an action against the employer, to the benefit of the provisions of Merchant Marine Act, § 33 (46 USCA § 688; Comp. St. § 8337a), which has been construed to include in the word "seamen," as used therein, stevedores when engaged in a maritime service.

At Law. Action by Jasper Zarowitch against the F. Jarka Company, Inc. On motion by plaintiff for new trial. Granted.

Stephen Crick, of New York City, for plaintiff.

Almy, Van Gordon & Evans, of New York City, for defendant.

SHEPPARD, District Judge. This case was originally tried in this court in September, 1925, and dismissed on the facts. The plaintiff's action was for personal injuries, sustained while storing cargo in the hold of a foreign ship, then loading at a pier in the port of New York. The negligence relied on by the plaintiff consisted in the failure of the gangwayman to give timely notice from the hatch of the descending sling; plaintiff claiming to have been injured in his efforts to escape as it was lowered into the hold. As stated, the action was dismissed at the conclusion of the trial on the theory that plaintiff and the man at the hatch giving orders were fellow servants, and as such plaintiff assumed the risk of his negligence. New England Railroad Co. v. Conroy, 175 U. S. 327, 20 S. Ct. 85, 44 L. Ed. 181; Kreigh v. Westinghouse, 214 U. S. 252, 29 S. Ct. 619, 53 L. Ed. 984; Gulf Transit Co. v. Grande (C. C. A.) 222 F. 819.

The case at the previous trial was dismissed, but no final judgment was entered then or later. After the lapse of one year and ten months, the plaintiff moved for a new trial at a motion term before Judge Campbell, one of the judges of this court, other than the one who tried the case. Judge Campbell declined to entertain the present motion because of the "insufficiency of the papers" under the rules in such cases, and the failure of the plaintiff to comply with the provisions of section 552 of the Civil Practice Act of the state of New York.

Since there was no final judgment entered at any time, the time for appeal never having begun to run, the motion was denied by Judge Campbell without prejudice, and the same motion recurs before the judge who originally dismissed the action, upon what now appears to be a "sufficiency of the papers" to justify consideration of the motion by the judge who tried the cause.

But for the decision of the Supreme Court of the United States in International Stevedoring Co. v. Haverty, 272 U. S. 50, 47 S. Ct. 19, 71 L. Ed. 157, this case doubtless would have slumbered in peaceful oblivion. International Stevedoring Co. v. Haverty, decided in October, 1926, construed Jones Act (Merchant Marine Act) § 33 (46 USCA § 688; Comp. St. § 8337a) as extending to seamen the common-law rights and remedies conferred upon railway employees under the Employers' Liability Acts (45 USCA §§ 51–59; Comp. St. §§ 8657–8665), and enlarged its scope to include seamen and stevedores "in maritime work of stowing cargo." It is observed, therefore, that the immunity from the harsh rules of the common law, namely, the defense of contributory negligence and the fellow servant rule contained in the Employers' Liability Acts, and incorporated in the Merchant Marine Act as construed by the Supreme Court in the Haverty Case, was enlarged for benefit of stevedores as a class distinct from seamen. Plaintiff's cause of action having accrued since the adoption of the Merchant Marine Act, it is claimed that he was entitled to the rights and benefits conferred by same on the previous trial. It would seem that, unless precluded by delay or other cause not suggested here, his case should be tried under the law as later interpreted and now applicable to the facts of his case, notwithstanding such construction was subsequent to the previous trial.

Objection is interposed to a new trial mainly because the evidence at the former trial disclosed that the injury, if any, was sustained by plaintiff while engaged at work on a foreign vessel flying the German flag. At the time, therefore, of his alleged injury, plaintiff was a foreign seaman and not entitled, it is contended, to the benefits of the acts of Congress, supra, because the benefits thereof are limited to American seamen.

This view of the law in my opinion is untenable. If the construction of the Seamen's Act (38 Stat. 1164), although it includes specifically foreign seamen while in the ports of the United States, could be upheld, notwithstanding it affected foreign contracts between foreigners, it could hardly be said to

strain the rule of construction to extend the beneficial provisions of the Merchant Marine Act to stevedores on foreign ships. Strathearn v. Dillon, 252 U. S. 348, 40 S. Ct. 350, 64 L. Ed. 607; Cunard v. Mellon, 262 U. S. 100, 43 S. Ct. 504, 67 L. Ed. 894, 27 A. L. R. 1306; Patterson v. The Eudora, 190 U. S. 169, 23 S. Ct. 821, 47 L. Ed. 1002.

If the authorities cited are not a sufficient answer to the proposition, certainly the facts developed at the former trial may be resolved to determine the plaintiff's status. At the very time of his alleged injuries, plaintiff was working in the hold of the steamship Hanover, then moored at a pier in the port of New York, under employment of the Jarka Stevedoring Company, engaged in loading ships generally in the harbor of New York. There was no privity between the ship and plaintiff, who was merely a harbor worker, in the service at the time of the Jarka Company, and it would seem a far cry, in view of these facts, to classify the plaintiff as a foreign seaman. The provisions of the Jones (Merchant Marine) Act, extending the rights and remedies applicable to seamen to stevedores, did not invest the latter with the character of seamen, but the statutes by judicial interpretation have been held to include marine workers, and the mere incident of the locus in quo of the work performed, though the test of admiralty jurisdiction in tort, does not change the status of such employee from stevedore to seaman.

It would hardly be contended that the provisions of the Employers' Liability Acts, extending the beneficial provisions originally designed for railroad employees to seamen, gave any different status to crews of ships plying the high seas. It is enough to say that the Haverty Case leaves no doubt as to the applicable law on a new trial of this case.

A new trial is therefore granted.