## MAHONEY v. INTERNATIONAL ELEVATING CO., Inc., et al.

District Court, E. D. New York. November 14, 1927.

Seamen ⬤⟶2—Stevedore of American concern, injured while loading foreign ship in American port, held entitled to benefit of act as American seaman (Jones Act, § 33 [46 USCA § 688]).

Jones Act, § 33 (46 USCA § 688; Comp. St. § 8337a), applies in case of a stevedore who received injuries on a foreign vessel in an American port, while engaged in loading or unloading the same as employee of an American stevedoring concern.

At Law. Action by Bridget Mahoney, as administratrix of the estate of Michael Mahoney, deceased, against the International Elevating Company, Inc., and Ellerman's Wilson Line, New York, Inc., with Ellerman & Wilson, Limited, impleaded. On motions to set aside verdict. Denied on condition of stipulation for reduction of amount.

Harry S. Austin, of New York City, for plaintiff.

William E. Lowther, of New York City (Benjamin O. Loder, of New York City, of counsel), for defendant International Elevating Co., Inc.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (Vernon S. Jones, and Raymond Parmer, both of New York City, of counsel), for Ellerman's Wilson Line, Incorporated.

MOSCOWITZ, District Judge. This is an action brought by Bridget Mahoney, as administratrix, to recover damages for the death of her husband, a stevedore, against the International Elevating Company, Inc., his employer, and the Ellerman & Wilson Line, Limited, owners and operators on the vessel upon which the accident happened. The plaintiff's intestate was an American citizen, employed as a stevedore by the International Elevating Company, Inc., a corporation existing under the laws of New Jersey. He was working on board a foreign vessel moored at Hoboken, N. J., owned by Ellerman & Wilson, Limited, a corporation existing under the laws of Great Britain. He was killed in the course of his employment as a stevedore.

The case was tried and submitted to the jury. The court charged that the Jones Act (46 USCA § 688 [Comp. St. § 8337a]) applied to the International Elevating Company, Inc., and that the New Jersey death statute (2 Comp. St. 1910, p. 1907, §§ 7–9) and the established rules of law concerning the duties that the owners of vessels owe to stevedores applied to Ellerman & Wilson Line, Limited, the owners of the ship. The jury awarded $50,000 damages to the plaintiff. Motions to set aside the verdict were made by the defendants on the usual grounds, and also upon the ground that the verdict was excessive. The court denied all motions of the International Elevating Company, Inc., except that decision was reserved on the motions that the court erred in submitting the case to the jury under the Jones Act; and, second, upon the ground that the verdict was excessive. The court denied the motions as to Ellerman & Wilson, Limited, on all grounds except that it reserved decision on the motion to set aside the verdict as excessive.

The law is well settled that a stevedore is a seaman within the purview of the Jones Act. International Stevedoring Co. v. Haverty, 272 U. S. 50, 47 S. Ct. 19, 71 L. Ed. 157. The questions whether the Jones Act applies to American seamen who sail on foreign vessels, or whether the Jones Act applies to stevedores who enter into contractual relationships with the owners of vessels of foreign registry are not presented. The question presented is whether the Jones Act applies to the case of a stevedore who receives injuries upon a foreign vessel in an American port while engaged in loading

or unloading the same as an employee of an American stevedoring concern.

The New York Supreme Court, Appellate Division, First Department, in Resigno v. F. Jarka, 221 App. Div. 214, 223 N. Y. S. 5, decided by a divided court that the Jones Act does not apply to the case of an employee hired by a corporation or firm to do work on board a vessel of foreign registry. Judge Sheppard, sitting in this court, in the case of Zarowitch v. F. Jarka, 21 F.(2d) 187, decided that the provisions of the Jones Act should apply to the case of a stevedore who was hired by an American concern and was working aboard a foreign ship. It cannot be logically contended, from the mere fact that a stevedore was hired by an American stevedoring concern and working in his ordinary course of employment on a foreign vessel, to help load or unload that vessel, that he then lost his rights as an American seaman, and that as soon as he stepped on board the foreign vessel he became a foreign seaman. The stevedore had no contractual relationship with the ship or its owner. To uphold the contention that the deceased employee became a foreign seaman while working aboard a ship of foreign registry for an American stevedoring concern would be holding that such person has agreed to forfeit his rights under the American law in spite of the fact that between the individual and the ship of foreign registry there has been no contractual relationship.

The Appellate Division, Second Department, in the case of Laura Muti v. Hoey and Sabbatino, 221 App. Div. 688, 224 N. Y. S. 662, decided on November 4, 1927, held that, if a stevedore is employed by an independent contractor to work on board a foreign vessel, and the stevedore employee has no contractual relationships with the ship or owner, although performing maritime duties thereon, he is entitled to the protection of the benefits provided by the Jones Act. The Jones Act applies to this case, in which the stevedore received injuries upon a foreign vessel in an American port, while engaged in loading or unloading the same as an employee of an American stevedoring concern.

Even, if, as contended by the International Elevating Company, Inc., the Jones Act did not apply to it, there could be no error, as the jury necessarily found that there was no contributory negligence on the part of the deceased, and awarded $50,000 damages against both defendants.

The verdict of $50,000 is excessive, and will be set aside, unless within 10 days plaintiff stipulates to reduce the verdict to the sum of $35,000.