## THE JOHN SHERWIN.

District Court, W. D. New York. February 13, 1928.

**1. Seamen ⏆29(1)—Action in rem does not lie for injury to porter employed on steamer, no lien being given (Jones Act [41 Stat. 988]).**

Under Jones Act (41 Stat. 988), no maritime lien exists for injury to porter employed on steamer, and action in rem does not lie; remedy being by libel in personam or action at law against owner of vessel.

**2. Seamen ⏆29(2)—Vessel's liability for injuries to seaman depends on unseaworthiness or failure to supply proper appliances.**

Liability of vessel for injuries received by seaman depends either on unseaworthiness of vessel or on her failure to supply and keep in order the proper appliances appurtenant thereto.

**3. Admiralty ⏆28—Action in rem requires cause of action for maritime tort creating a maritime lien.**

In order to recover in admiralty in an action in rem, it must appear that there exists a good cause of action for a maritime tort, and that a maritime lien arises through and by the tort.

In Admiralty. Libel by John A. Wiseman against the steamer John Sherwin. On exceptions to libel. Libel dismissed.

Dorsey W. Kellogg, of Buffalo, N. Y., for libelant.

Kelley, David & Cottrell, of Cleveland, Ohio, for respondent.

ADLER, District Judge. The respondent excepts to the libel herein, in that it claims compensatory damages in admiralty for injuries alleged to have been occasioned by negligence on the part of those in charge of the vessel.

The libelant was employed on the steamer John Sherwin as a porter. While the steamer was moored in the harbor of Toledo, he returned to the ship and while proceeding in an ordinary way was suddenly caused to slip and fall with great violence on the deck. The cause of his being suddenly thrown to the deck was an accumulation of ore dust and water thereon. Damages are alleged in the sum of $5,000. The libel is in rem, and the exceptions are, in effect, that the libel does not state a cause of action.

[1] On the above statement of facts a libel in personam or an action at law would lie against the owner of the vessel under the Jones Act (41 Stat. 988). No maritime lien is conferred by the Jones Act. The Pinar Del Rio (C. C. A.) 16 F.(2d) 984.

[2] The liability of a vessel for injuries received by a seaman depends either upon the unseaworthiness of the ship or upon her failure to supply and keep in order the proper appliances appurtenant thereto. In re Tonawanda Iron & Steel Co. (D. C.) 234 F. 198.

In the above case, decided in this district, it was held that insufficient lighting of the part of the deck where a seaman was required to work, and the littering of the deck with rope, does not render the ship liable. In that case, and in the instant case, there was no evidence of unseaworthiness, or of failure to supply and keep in order the proper appliances appurtenant to the ship.

[3] In order to recover in an action in rem it must appear (1) that there exists a good cause of action for a maritime tort; and (2) that a maritime lien arises through and by the tort. The Pinar Del Rio, supra.

On the stated facts of this case, there cannot be a recovery against the vessel under the general maritime law. The Osceola, 189 U. S. 158, 23 S. Ct. 483, 47 L. Ed. 760. As a libel and recovery under the provisions of the Jones Act confers no maritime lien, an action in rem does not lie.

The libel herein is dismissed.