## SECOND DEPARTMENT, FEBRUARY, 1928.

FRANCISCO ARCE, Appellant, v. LAMPORT & HOLT, LTD., etc., Respondent.— Judgment reversed upon the law and the facts, and a new trial granted, costs to appellant to abide the event. There was evidence sufficient to go to the jury upon the question as to whether the accident was caused by the failure to keep in order the wheelbarrow which plaintiff was ordered and compelled to use. (*Matter of Tonawanda Iron & Steel Co.,* 234 Fed. 198; *The Osceola,* 189 U. S. 158; *Malukas* v. *Overseas Shipping Co., Inc.,* 197 App. Div. 224; *The Edith Godden,* 23 Fed. 43; *The Southwark,* 191 U. S. 1; *Marra* v. *Hamburg-Am. P. A. Gesellschaft,* 180 App. Div. 75.) Lazansky, P. J., Rich, Kapper, Seeger and Carswell, JJ., concur.

CASINO HALL, INC., Respondent, v. ABRAHAM H. LEVINSON, Appellant.— Final judgment modified by striking therefrom the provision with reference to specific performance and by directing that plaintiff have judgment against defendant in the sum of $10,000, with interest from September 25, 1925, the date of the judgment, together with the costs of the action as taxed by the clerk of the court, and as so modified unanimously affirmed, without costs. In an action for specific performance where, as here, it is determined that specific performance is impossible because of the financial inability of the vendee to conform with the terms of the contract, the court has the power to award damages for the breach of the contract by the vendee. In light of the finding that it is impossible for the defendant to perform specifically it is not proper to direct specific performance and, in the event that defendant fails to perform, that plaintiff have judgment for money damages. The case was tried upon the theory that if specific performance could not be had, the plaintiff should recover the amount named in the complaint. There was no amendment in that connection. Plaintiff is, therefore, limited to the amount prayed for. There was ample proof in the case to sustain an award of the sum of $10,000. Present — Lazansky, P. J., Rich, Young, Kapper and Seeger, JJ. Settle order on notice at which time the amount of interest may be determined.

MICHAEL HALLORAN and DIEGO PACCIONE, Appellants, v. N. & C. CONTRACTING COMPANY, Respondent.— Upon reargument, order granting defendant's motion to set aside the verdict and grant a new trial affirmed, with costs. We are of opinion that under section 861 of the Penal Law,* the oral contract set forth in the complaint is void. Rich, Young and Kapper, JJ., concur; Hagarty, J., not voting; Lazansky, P. J., dissents, being of opinion that the section of the Penal Law in question is unconstitutional, and still holding to his views expressed in the former decision of this court.†