## WILLIAMS v. OCEANIC STEVEDORING CO.

District Court, S. D. Texas, at Galveston. August 8, 1928.

**1. Seamen ⬤⇒3—Right of longshoreman, injured on vessel, in absence of privity with vessel, is that given by country in whose territorial waters injury occurred.**

In absence of privity of contract between injured longshoreman and vessel, changing the longshoreman's rights, his right of recovery for tort is that given him by the country in whose territorial waters the injury occurred, and not by the country whose flag the ship flies.

**2. Admiralty ⬤⇒5—Longshoreman, in employ of stevedoring company, injured on Italian vessel in navigable waters of United States, could recover under statute (Merchant Marine Act, § 33 [46 USCA § 688]).**

Longshoreman, injured while at work on Italian vessel lying in navigable waters of United States, *held* entitled to recover for injuries under Merchant Marine Act, § 33 (46 USCA § 688), where the longshoreman was not employed by the vessel or her owners, but was employed by stevedoring company; foreign registry of ship being immaterial, where plaintiff had no privity with vessel.

In Admiralty. Libel by E. C. Williams against the Oceanic Stevedoring Company. Judgment for libelant. On motion of respondent to reopen the case and set aside the judgment. Motion to reopen case granted, and motion to set aside judgment denied.

Brantly Harris, of Galveston, Tex., for libelant.

Royston & Rayzor, of Galveston, Tex., for respondent.

HUTCHESON, District Judge. This case at a former day of this term resulted in judgment for libelant, awarding him damages. On August 3, 1928, respondent filed its motion to set aside the final judgment in the cause, on the ground that libelant, at the time of his injury, was at work on the M/S Guilla, lying in navigable waters of the United States, at Galveston, Tex.; that said ship was a foreign vessel, documented under the laws of Italy, and flying the Italian flag, and that section 33 of the Merchant Marine Act, commonly called the Jones Act (46 USCA § 688), does not apply to longshoremen at work on a foreign vessel. At the same time respondent filed its motions to reopen the case for the purpose of hearing testimony upon the point, and for leave to file an amended answer.

Libelant opposed each of these motions on the ground that, the case having gone to trial and judgment without the point being made, it is now too late to present it, and on

27 F.(2d)—57½

the ground that the facts sought to be pleaded state no defense to the action. Along with the motions and the objections to their granting there was tendered for filing, if the motions were granted, the following agreed stipulation of facts:

"It is agreed by and between the parties hereto that at all times in the libel mentioned the M/S Guilla was a foreign ship, documented under the laws of Italy, and flying the Italian flag. The libelant, a longshoreman, was not employed or paid by the vessel or her owners, but, on the contrary, was employed and paid at Galveston by the respondent, a Texas corporation, doing business in Galveston, Tex. Subject to exceptions filed herewith."

Upon consideration of the motions, I have concluded to grant the motion to reopen the case, and for leave to file an amended answer, and to direct that the agreed stipulation be filed. I have concluded, however, to deny the motion to set aside the judgment, because I think it plain that the matters set out in the amended answer and in the stipulation constitute no defense to plaintiff's suit.

The respondent mainly relies on Resigno v. F. Jarka Co., 248 N. Y. 225, 162 N. E. 13, 1928 A. M. C. 1101, opinion by the Court of Appeals of the state of New York, holding that a longshoreman working on a foreign ship, but employed by a local company, and not by the ship, is not entitled to the benefits of the Jones Act, while libelant advances Zarowitch v. Jarka (D. C.) 21 F.(2d) 187, a very well-considered opinion by Judge Sheppard, sitting in the Eastern District of New York, Mahoney v. International Elevating Co. (D. C.) 23 F.(2d) 130, from the same district, and Schotis v. North Coast Stevedoring Co. (D. C.) 24 F.(2d) 591, opinion by Steinert, J., of the superior court of King county, state of Washington, holding the contrary.

In addition, respondent refers to the cases of George Clark v. Montezuma Transportation Co., Ltd. (Appellate Division of New York) 217 App. Div. 172, 216 N. Y. S. 295, 1926 A. M. C. 954, and The Seirstad, 1928 A. M. C. 1241, holding a seaman employed on a foreign vessel not entitled to the benefit of the Jones Act for injuries occurring in a port of the United States, and the approval in The Pinar del Rio (C. C. A.) 16 F.(2d) 984, 1927 A. M. C. 268, by Judge Hough, by way of dicta, of the discussion of the matter in Clark v. Montezuma, supra.

The Pinar del Rio, in fact, decided merely that the Jones Act gave no right in rem,

which decision the Supreme Court, in 48 S. Ct. 457, 72 L. Ed. ——, 1928 A. M. C. 932, approved, expressly reserving the question whether the provisions of section 33 are applicable where a foreign seaman, employed on a foreign ship, suffers injuries while in American waters, and the same reservation was made by the Circuit Court of Appeals of the Second Circuit in the later case of The Falco, 20 F.(2d) 362.

[1, 2] Plaintiff's position is, and his cases sustain him in it, that the question of whether a vessel on which an injury occurs to a longshoreman in American waters is of foreign or American registry or ownership, is wholly immaterial, where there is no privity of contract between the longshoreman and the vessel, for it is the law that, in the absence of privity of contract between the plaintiff and the respondent, changing plaintiff's rights, his rights in an action ex delicto are those given him by the country in whose territorial waters the injury occurred, and not those given by the country whose flag the ship may at that time fly. The Hanna Neilsen (C. C. A.) 273 F. 171; Rainey v. New York (C. C. A.) 216 F. 449, L. R. A. 1916A, 1149.

At first statement, plaintiff's position seemed to me sound, and further reflection serves but to more firmly establish its soundness. A consideration of the state of the admiralty law before the passage of the Jones Act, and of the sweeping effect of that act upon the rights of seamen in fact (Panama R. R. v. Johnson, 264 U. S. 375, 44 S. Ct. 391, 68 L. Ed. 748) and in effect (International Stevedoring Co. v. Haverty, 272 U. S. 50, 47 S. Ct. 19, 71 L. Ed. 157), establishes, I think, beyond question, that the denial to longshoremen, seamen only in effect, of the benefits of the act merely because of the fact that the injury occurred on a ship of foreign registry with which he had no privity whatever, is a strained and unreasonable application of it, whatever may be said of the correctness of those decisions which deny its application to a seaman *in fact* having privity with the foreign ship.

There is much, I think, to be said for the view that, Congress having created an admiralty jurisdiction in the courts of the United States to entertain personal injury suits by seamen, *in the absence of some definitive restriction of that jurisdiction, it should be given effect* wherever the sovereignty of the United States extends, including certainly its own territorial waters, over ships of any registry, irrespective of the registry of the ship on which the injury occurs.

But, however this may be, it is piling construction upon construction to write into the act a limitation protecting foreign ships against suits by those in privity with them, and, having done so, to write further that, without privity, persons, as to their rights under the Jones Act *in effect* seamen, are also excluded from it, because of the occurrence of the injury on a foreign ship.

The motion to set the judgment aside will therefore be denied.