## PETERSON v. INDEPENDENT STEVEDORE CO.

District Court, D. Oregon. March 18, 1929.

No. 10511.

Lord & Moulton, of Portland, Or., for plaintiff.

Raffety & Pickett, of Portland, Or., for defendant.

McNARY, District Judge. Plaintiff brings this action, under section 33 of the Merchant Marine Act (46 USCA § 688), to recover damages for injuries sustained by him while employed as a stevedore assisting in loading a Japanese vessel at Coos Bay, Or.

It is alleged that the plaintiff received his injuries as the result of the carelessness and negligence of the defendant.

The defendant contends that section 33 has no application to this case, for the reason that the plaintiff was working on a foreign vessel and that said act gives a remedy only to seamen working on American ships; or, in other words, the defendant contends that section 33 gives a remedy to American seamen working on American ships, and not to seamen employed on foreign ships.

The plaintiff had no contractual relation with the ship, and I can conceive of no logical reason why he should be regarded as a foreign seaman. He was employed by an American stevedore company when injured; was pursuing his regular employment on a foreign vessel. He did not thereby forfeit his rights under the American laws.

The alleged negligent act of the defendant was committed upon navigable waters and within the jurisdiction of the United States, and comes within the scope of section 33 of the Jones Act (46 USCA § 688).

Counsel for the defendant have cited a New York case which holds to the opposite effect; also, the case of The Seirstad (D. C.) 27 F.(2d) 982.

The latter case is not in point here, as the libelant there was under contract with the foreign vessel.

This opinion is supported by Zarowitch v. F. Jarka Co., Inc. (D. C.) 21 F.(2d) 187; Mahoney v. International Elevating Co., Inc. (D. C.) 23 F.(2d) 130; Williams v. Oceanic Stevedoring Co. (D. C.) 27 F.(2d) 905, 1928 A. M. C. 1409; Schotis v. North Coast Stevedoring Co. (Wash. Super. Ct.) 1928 A. M. C. 616.

The exception to the complaint will be overruled.