# INTERNATIONAL STEVEDORING COMPANY *v.* HAVERTY.

## CERTIORARI TO THE SUPREME COURT OF THE STATE OF WASHINGTON.

No. 236. Argued October 5, 6, 1926.—Decided October 18, 1926.

Within the meaning of the Merchant Marine Act of June 5, 1920, which gives to seamen a right of action for damages, at law, for personal injuries, and, by adoption of statutes modifying or extending common law rights and remedies of railway employees, does away with the fellow servant doctrine in such cases, the term "seamen" is to be taken to include stevedores when engaged in the maritime work of stowing cargo. P. 51.

134 Wash. 235, affirmed.

CERTIORARI (269 U. S. 549) to a judgment of the Supreme Court of Washington which sustained a judgment against the petitioner, a stevedoring company, in an action at law brought by one of its employees for injuries sustained while stowing freight in a vessel.

*Mr. Stephen V. Carey,* with whom *Messrs. R. E. Bigham* and *Alfred J. Schweppe* were on the briefs, for petitioner.

*Mr. Mark M. Lichtman,* with whom *Mr. John F. Dore* was on the brief, for respondent.

*Messrs. Arthur E. Griffin, George F. Vanderveer,* and *Samuel B. Bassett* filed a brief as *amici curiae* by special leave of Court.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is an action brought in a State Court seeking a common law remedy for personal injuries sustained by the plaintiff, the respondent here, upon a vessel at dock

in the harbor of Seattle.   The plaintiff was a longshore-man engaged in stowing freight in the hold.   Through the negligence of the hatch tender, no warning was given that a load of freight was about to be lowered, and when the load came down the plaintiff was badly hurt.   The plaintiff and the hatch tender both were employed by the defendant stevedore, the petitioner here, and the defendant asked for a ruling that they were fellow servants and that therefore the plaintiff could not recover.   The Court ruled that if the failure of the hatch tender to give a signal was the proximate cause of the injury the verdict must be for the plaintiff.   A verdict was found for him and a judgment on the verdict was affirmed by the Supreme Court of the State.   134 Wash. 235, 245.   A writ of certiorari was granted by this Court.   269 U. S. 549.

The petitioner argues that the case is governed by the admiralty law; that the admiralty law has taken up the common law doctrine as to fellow servants, and that by the common law the plaintiff would have no case. Whether this last proposition is true we do not decide. The petitioner cites a number of decisions of which it is enough to mention *The Hoquiam,* 253 Fed. Rep. 627, and *Cassil* v. *United States Emergency Fleet Corporation,* 289 Fed. Rep. 774.   It also refers to an intimation of this Court that, whether the established doctrine be good or bad, it is not open to courts to do away with it upon their personal notions of what is expedient.   It is open to Congress, however, to change the rule, and in our opinion it has done so.   By the Act of June 5, 1920, c. 250, § 20; 41 Stat. 988, 1007, "any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply."   It is not disputed that the stat-

utes do away with the fellow servant rule in the case of personal injuries to railway employees. *Second Employers' Liability Cases,* 223 U. S. 1, 49. The question, therefore, is how far the Act of 1920 should be taken to extend.

It is true that for most purposes, as the word is commonly used, stevedores are not "seamen." But words are flexible. The work upon which the plaintiff was engaged was a maritime service formerly rendered by the ship's crew. *Atlantic Transport Co.* v. *Imbrovek,* 234 U. S. 52, 62. We cannot believe that Congress willingly would have allowed the protection to men engaged upon the same maritime duties to vary with the accident of their being employed by a stevedore rather than by the ship. The policy of the statute is directed to the safety of the men and to treating compensation for injuries to them as properly part of the cost of the business. If they should be protected in the one case they should be in the other. In view of the broad field in which Congress has disapproved and changed the rule introduced into the common law within less than a century, we are of opinion that a wider scope should be given to the words of the act, and that in this statute "seamen" is to be taken to include stevedores employed in maritime work on navigable waters as the plaintiff was, whatever it might mean in laws of a different kind.

*Judgment affirmed.*