LAURA MUTI, as Administratrix, etc., of BARTOLOMEO REVERA, Deceased, Respondent, *v.* FRANK J. HOEY and Another, Copartners, Doing Business under the Firm Name and Style of SABBATINO & COMPANY, Appellants.

Second Department, November 4, 1927.

**Ships and shipping — injuries to stevedore — action by administratrix of stevedore against stevedoring firm to recover for death of testator who was killed while unloading cargo from foreign vessel in New York harbor — Jones Act applies to stevedores — stevedore not employed by foreign boat is not under foreign law and action may be brought under Jones Act.**

This is an action brought under the Jones Act to recover damages for the death of plaintiff's intestate, a stevedore, who was killed while unloading cargo from a foreign vessel at dock in New York harbor. The intestate was not engaged by the foreign vessel but by a stevedoring firm. The Jones Act applies to stevedores.

Since plaintiff's intestate was not engaged by the foreign vessel to act as stevedore but by a third person, he was not a seaman, within the Jones Act, engaged on a foreign boat, and was not, therefore, subject to foreign law, and the action was properly brought under the Jones Act.

The test, as to whether one working on a foreign vessel is a foreign seaman, is governed by foreign law and not entitled to the benefit of the Jones Act, is whether or not he is employed directly by and has contractual relations with the owner of the foreign ship.

APPEAL by the defendants, Frank J. Hoey and another, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 26th day of May, 1927, denying defendants' motion to dismiss the complaint under rules 106 and 107 of the Rules of Civil Practice.

*Malcolm S. McN. Watts,* for the appellants.

*James A. Gray* [*William S. Butler* with him on the brief], for the respondent.

YOUNG, J.   The action is brought under the act of Congress of June 5, 1920, known as the Merchant Marine Act of 1920, or the Jones Act, to recover damages resulting from the negligence of the defendants in causing the death of plaintiff's intestate.   The defendants are stevedores and, at the time of the accident in question, on January 12, 1927, plaintiff's intestate was in their employ and was engaged upon the steamship *Primero* at pier 39, East river, Brooklyn, N. Y., in defendants' work of unloading the cargo from said steamship, and, while so engaged, a part of the cargo, consisting of an automobile in a case, fell upon him, causing injuries from which he died.

The defendants moved for an order dismissing the complaint under rule 107 of the Rules of Civil Practice on the ground that the court had not jurisdiction of the subject-matter of the action in that the steamship *Primero* is a vessel of foreign registry and that the statute under which the action was commenced gave no right of action thereunder; and also under rule 106 of the Rules of Civil Practice on the ground that it appeared on the face of the complaint that the plaintiff's intestate was a stevedore and not a seaman and could not, therefore, sue under the Jones Act.   It was shown that the steamship *Primero* was registered under the Norwegian flag during the month of January, 1927.

The second ground of defendants' motion, that plaintiff may not sue under the Jones Act because her intestate was a stevedore and not a seaman, has been held adversely to the defendants by the United States Supreme Court in *International Stevedoring Co.* v. *Haverty* (272 U. S. 50), in which Mr. Justice HOLMES, in delivering the opinion of the court, said: " The policy of the statute is directed to the safety of the men and to treating compensation for injuries to them as properly part of the cost of the business.   If they should be protected in the one case [seamen] they should be in the other [stevedores].   In view of the broad field in which Congress has disapproved and changed the rule introduced into the common law [the fellow-servant rule] within less than a century, we are of opinion that a wider scope should be given to the words of the act, and that in this statute ' seamen ' is to be taken to include stevedores employed in maritime work on navigable waters as the plaintiff was, whatever it might mean in laws of a different kind."

It is urged in substance by the appellants that, since the United States Supreme Court has held in effect that a stevedore or a longshoreman is a seaman, he is subject to the same rules of law as other seamen actually employed by and performing duties

upon a vessel. This contention is also based upon the decision in *Clark* v. *Montezuma Transportation Co., Ltd.* (217 App. Div. 172). In that case the plaintiff was employed as a repair man on a British vessel by one of the officers of the vessel having authority, but had not signed articles and was not bound to go to sea, and it was held, as clearly stated in the syllabus, that " In an action by an American seaman to recover for injuries suffered while at work on a British steamship lying at a wharf in Jersey City, N. J., section 33 of the Merchant Marine Act of 1920 (41 U. S. Stat. at Large, 1007)* does not apply, for the rule is that the rights of an American, who becomes a seaman on a British ship, must be determined under the British law on the theory that the law of the country follows its flag."

Appellants, therefore, argue that, in view of this ruling by this court and the fact that the plaintiff here has alleged in her complaint that her intestate was a seaman within the meaning of the Jones Act and that he was employed and engaged at work on a Norwegian vessel, she cannot maintain the present action. But the allegation contained in the complaint that plaintiff's intestate was a " seaman " is a mere conclusion, and other allegations of the complaint show that he was in fact a longshoreman employed by defendants as stevedores, engaged in unloading the cargo of the vessel. The United States Supreme Court did not decide in *International Stevedoring Co.* v. *Haverty* (*supra*) that a longshoreman or a stevedore was a seaman, but, as I gather from the reading of the opinion, it held that it was the intention of Congress to give protection to men engaged in the same maritime duties as seamen. I apprehend that the United States Supreme Court intended nothing more than to so construe the Jones Act as to include within its protection longshoremen or stevedores employed in the maritime work of unloading a vessel. I do not consider that a longshoreman, not employed by the ship itself, and having no contractual relations therewith, is governed by our ruling in *Clark* v. *Montezuma Transportation Co., Ltd.* (*supra*).

The question is, however, not free from doubt.

In *Zarowitch* v. *Jarka Co., Inc.* (21 F. [2d] 187) the United States District Court for the Eastern District of New York held that there is no privity between a foreign steamship and a local harbor worker employed by a domestic firm of stevedores in stowing cargo aboard the steamship while she is in the port of New York, and that the rights and remedies of the Jones Act applied to such harbor worker and he was not to be classified as a foreign seaman, although stowing cargo on a vessel flying a German flag.

---

* Now U. S. Code, tit. 46, § 688.— [REP.

On the other hand, in the case of *Resigno* v. *Jarka Co., Inc.* (221 App. Div. 214) the Appellate Division of the First Department by a divided court made a contrary ruling. In that case the defendant was loading and discharging cargo from the steamship *Hanover*, which flew the German flag, under a contract with the owner of the vessel, and the plaintiff was employed as a longshoreman and engaged in work upon that ship. The court in that case said (p. 219): " Formerly a stevedore or longshoreman was not a seaman, but under changed conditions by which such men have assumed some of the duties heretofore devolving upon seamen, a longshoreman or stevedore under the instant circumstances is denominated a seaman. The ship on which, and not the employer for whom, the work is being done has been held to control. (*International Stevedoring Co.* v. *Haverty*, 272 U. S. 50.) Here plaintiff became a seaman by virtue of the nature of the work he was doing. But as such work was for a German ship, he should be held to be a German seaman. Unless, therefore, section 33 of the Jones Act applies to foreign vessels, the plaintiff has no cause of action under the act."

These two cases present the opposing views on this question, and, with great respect, I think the prevailing opinion in the case last cited misapprehends the effect of the ruling of the United States Supreme Court in *International Stevedoring Co.* v. *Haverty* (*supra*), and also the effect of our decision in *Clark* v. *Montezuma Transportation · Co., Ltd.* (*supra*). The test as to whether one working on a foreign vessel is a foreign seaman governed by foreign law and not entitled to the benefit of the Jones Act is, in my opinion, whether or not he is employed directly by and has contractual relations with the owner of the ship. If he is thus employed by the owners of the ship, he is a foreign seaman and governed by the rules of law of the country in which the ship is registered. If, on the other hand, he is employed by an independent firm or corporation and has no contractual relations with the ship or its owner, although performing maritime duties thereon, he is entitled by virtue of the decision of the United States Supreme Court in *International Stevedoring Co.* v. *Haverty* (*supra*) to the benefit of the provisions of the Jones Act.

The order should be affirmed, with ten dollars costs and disbursements.

RICH, KAPPER, LAZANSKY and HAGARTY, JJ., concur.

Order denying motion to dismiss complaint affirmed, with ten dollars costs and disbursements.