**C. FLANAGAN & SONS, Inc., v. CARKEN.**
(No. 1750.)

Court of Civil Appeals of Texas. Beaumont.
Dec. 5, 1928.

Rehearing Denied Dec. 12, 1928.

Morris, Sewell & Morris, of Houston, for appellant.

Howth, Adams & Hart, of Beaumont, for appellee.

O'QUINN, J. Appellee brought this suit in the district court of Jefferson county, Tex., against appellant, alleging that he was an employee of appellant, who was a contracting stevedore, and that, while working as a longshoreman for appellant on board of and helping to load cargo on the steamship West Segovia, then and there docked in navigable waters at Port Arthur, Tex., he was injured in the course of his said employment, which injury resulted in hernia, necessitating an operation and the loss of several months' time from his work. He further alleged that, as a result of his injury, he was compelled to expend for doctor's bills, hospital bills, and drug bills the sum of $325, and that during his disability to work, resulting from his injury, he lost wages in the sum of $1,050, and that he had to expend the sum of $200 for maintenance, and for all of which he prayed judgment.

Appellant answered by general demurrer, general denial, and other special answers which we do not deem it necessary to state.

Appellant's general demurrer was overruled, and the case was tried to a jury. At the conclusion of the evidence appellant presented its motion for an instructed verdict in its favor, which was refused. The undisputed evidence showed that appellee paid out $202 for doctor's and hospital bills, and that he lost $347.50 in wages during his disability, and the jury found, in answer to a special issue, that appellee's cost of maintenance during his disability was $540. The court rendered judgment for appellee in the sum of $742, that being the cost for maintenance and doctor's and hospital bills, but refused judgment for lost wages. Appellant's motion for a new trial was overruled, and it brings the case here by appeal.

Briefly, the facts show that appellee, a longshoreman, was employed by C. Flanagan & Sons, Inc., a corporation engaged in the business of master stevedores, to do work in loading the steamship West Segovia, a United States Shipping Board boat, operated by the Michigan Shipping Company. He was assisting in loading oil on the ship. The oil was contained in wooden barrels and appellee was stowing the barrels in the hatch of the ship. In stowing the oil, it became necessary to lift the barrels, which weighed some 245 pounds. This was done by the use of steel hooks. One of the barrels got caught between two tiers, and, in endeavoring to loose it and properly place it, appellee, in lifting and jerking the barrel, was injured,

resulting in hernia, and for which he suffered an operation and was confined in the hospital for some time. Besides the doctor's and hospital bills mentioned, appellee lost 2¾ months' wages. He was earning $7.20 per day. C. Flanagan & Sons were under contract with the owners of the steamship West Segovia to load same.

Without alleging any act of negligence on the part of appellant, appellee states in his petition:

"This action is brought pursuant to section 33 of the Merchant Marine Act, 1920, and plaintiff hereby elects to maintain this action for cure and maintenance and for damages at law with the right of a trial by jury and to take the benefit of all the statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employés and elects to maintain his said cause of action in this Honorable Court, with the plea and prayer that the constituent elements of his cause of action be determined in accordance with the principles of admiralty law and that said rules and principles be applied in the adjudication of this cause, with the federal statutory modifications thereof, as heretofore alleged."

It is thus made plain that appellee is not seeking to recover damages for personal injuries sustained while engaged as a stevedore or longshoreman in loading cargo on account of negligence on the part of any one. To the contrary, it is a suit for "maintenance, cure and wages," claimed as a seaman engaged in doing the work of a seaman on the vessel, growing out of an injury received while thus engaged, and, as stated in his petition, is based upon section 33 of the Merchant Marine Act of 1920, commonly called the Jones Act. See 46 USCA § 688. It reads as follows:

"Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employés shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employés shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

■■ Under the general rule of the maritime law, a seaman who falls sick or who receives an injury in the service of the ship, without his own fault, is entitled to be cared for at the expense of the vessel, and it is the duty of the master and owner to see that he is so cared for. This includes everything reasonably necessary for his maintenance and cure, and is deemed to be his due as a matter of contract. On the other hand, if the owner of the ship exercises reasonable care in providing a vessel that is seaworthy, properly manned with competent seamen and officers, and equipped with all the supplies and appliances necessary for its use and the safety of the crew, a seaman who is accidentally or negligently injured cannot maintain an action in personam against the owner or by a libel against the ship for damages for such injuries; the common-law defenses of assumed risk, contributory negligence, and negligence of a fellow servant being interposable as a defense against such asserted cause of action, and by the weight of author-. ity the seamen, master, and mates are fellow servants. In other words, in admiralty, a seaman is not entitled to recover an indemnity for the negligence of the master or any member of the crew, but is entitled to maintenance and cure, whether the injuries were received by negligence or accident.

■ Ordinarily, a seaman is one whose occupation is to assist in the operation of vessels at sea. The intent of the law, 46 USCA § 688 (section 33, Jones Act 1920), was to enlarge the rights of seamen in suits for the recovery of damages for personal injuries, by giving to them in such suits the benefit of all statutes of the United States modifying or extending the common-law right or remedy possessed by railway employés. This relieved them of the harsh common-law defenses of assumed risk, contributory negligence, and negligence of a fellow servant, and gave them the right to recover damages for personal injuries the same as railway employés under the federal acts. While the act specifically names seamen as the objects of its enactment, yet stevedores and longshoremen have been held to be "seamen" within the meaning of the act. International Stevedoring Co. v. Haverty, 272 U. S. 50, 47 S. Ct. 19, 71 L. Ed. 157. In this case the court said:

"It is true that for most purposes, as the word is commonly used, stevedores are not 'seamen.' But words are flexible. The work upon which the plaintiff was engaged was a maritime service formerly rendered by the ship's crew. Atlantic Transport Co. v. Imbrovek, 234 U. S. 52, 62, 58 L. Ed. 1208, 1212, 51 L. R. A. (N. S.) 1157, 34 S. Ct. 733. We can not believe that Congress willingly would have allowed the protection to men engaged upon the same maritime duties to vary with the accident of their being employed by a stevedore rather than by the ship. The policy of the statute is directed to the safety of the men and to treating compensation for injuries to them as properly part of the cost of the business. If they should be protect-

ed in the one case, they should be [protected] in the other."

Because the stevedore or longshoreman performs the service ordinarily performed by the crew, he is given the right of a seaman under the law to recover for personal injuries received while thus engaged. The act in question did not give to seamen the right to maintenance, cure, and wages in case of sickness or injury above alluded to. This they already had by maritime law under their contract as a member of the crew of the ship. This right is given them under other and different considerations not necessary to discuss, but it is sufficient to say that it is because of the seaman's contract binding him to the vessel for the whole voyage and under all conditions and perils of the sea. It is his by reason of and growing out of his contract with the master. A stevedore or longshoreman has no contract with the ship. He has not bound himself to its service. He does not serve as a member of its crew, but performs for an independent contractor a duty that formerly was ordinarily done by the crew, not upon the high sea, but at the ship's destination, minus the perils of the voyage. He does not undergo the hardships and dangers, nor does he surrender the personal rights and liberties that a seaman does in binding himself to the vessel as a member of its crew in exchange for the right of maintenance, care, and wages flowing to the seaman by virtue of his contract to serve the ship. The law was passed ostensibly for the benefit of seamen in case of personal injuries negligently received, and, although longshoremen and stevedores, when engaged in the performance of work ordinarily done by members of the ship's crew, are held to be seamen (International Stevedoring Co. v. Haverty, 272 U. S. 50, 47 S. Ct. 19, 71 L. Ed. 157), still we do not believe that the act should be further extended by interpretation to make them seamen in the fullest sense of the word and by force thereof entitled to all the benefits of seamen serving under contract with the ship as members of its crew. We think it evident that Congress never intended any such purpose in the enactment of the law. It follows, therefore, that in our opinion appellee was not entitled to recover maintenance, cure, and wages, and that the judgment of the court awarding him judgment for maintenance and cure was error. Yaconi v. Brady & Gioe, 246 N. Y. 300, 158 N. E. 876; Rosinski v. Conners (D. C.) 21 F. (2d) 591. Yaconi v. Brady & Gioe, supra, was a case where a longshoreman sought damages under the Jones Act for personal injuries received while loading a ship docked in navigable waters. In discussing the question, the court said:

"A stevedore, however styled under the Jones Act, is not a seaman under the rule of the general maritime law with its special exemption to those subject to the power of the master. International Stevedoring Co. v. Haverty, supra. One might as well bring within that class a laborer employed by a contractor to repair a vessel in a dry dock. Butler v. Robins Dry Dock & Repair Co., 240 N. Y. 23, 147 N. E. 235. Such a laborer is subject to the general maritime law, but not to the distinctive features of that law which apply to seamen and no others. *No one would think of saying that his damages would be measured by maintenance, cure, and wages.*" (Italics ours.)

In this case application for certiorari was denied. 48 S. Ct. 421, 72 L. Ed. ——. In Rosinski v. Conners, supra, the plaintiff, a stevedore, sought damages for personal injuries received while unloading cargo from a seagoing vessel. Among other things, the court said:

"On the authority of International Stevedoring Co. v. Haverty, 272 U. S. 50, 47 S. Ct. 19, 71 L. Ed. 157, it is contended that libelant was a seaman and his right of action is controlled by the Merchant Marine Act, which incorporates the right to proceed under the Federal Employers' Liability Act and controls the period of limitation. Such undoubtedly would be the rule if the action had been brought to recover on the law side of the court, but section 33 of the Merchant Marine Act merely conferred the right, at the election of the seaman injured, to maintain an action for damages at law with the right of trial by jury. It does not apply to an action in admiralty for indemnity arising out of unseaworthiness of the ship or failure to maintain proper appliances appurtenant to the ship, *or the recovery of maintenance and cure.*" (Italics ours.)

While it is true that the exact question involved here was not before the court in the cases cited, yet the statute was under consideration, and they were considering the rights of longshoremen and stevedores as under the ruling of the Haverty Case, and the expressions as to the right to maintenance and cure disclosed what was in the mind of the courts relative to the scope of the law, and we think were correct interpretations as to its extent, and, to say the least, are very persuasive expressions of able courts as to the correct scope and effect to be given the statute.

■ From what we have said it follows that the plaintiff's petition did not state a cause of action, and that the court erred in overruling defendant's general demurrer, and also erred in refusing defendant's request for an instructed verdict.

Therefore the judgment of the trial court is reversed, and judgment here rendered for appellant.