ARNESEN et al. v. MANHATTAN LIGHT-ERAGE CORPORATION.

JOHNSON et al. v. SAME.

District Court, S. D. New York.

Sept. 6, 1944.

Abraham M. Fisch, of New York City, for plaintiffs.

Burlingham, Veeder, Clark & Hupper, of New York City (Chauncey I. Clark and Herbert M. Lord, both of New York City, of counsel), for defendant.

MANDELBAUM, District Judge.

These are motions by the defendant for summary judgment. The actions are brought under the Fair Labor Standards Act and involve claims for overtime compensation and liquidated damages as provided for in Sec. 16 of the Act, 29 U.S.C.A. § 216.

For the purposes of these motions the defendant has conceded that the plaintiffs were at all times engaged in interstate commerce within the meaning of the Fair Labor Standards Act. The defendant, however, contends that the plaintiffs are seamen and as such exempt from the coverage of the act by the specific exemption in Sec. 13(a) (3), 29 U.S.C.A. §§ 213(a) (3). This section exempts from the operation of Sec. 6 and Sec. 7 of the act "any employee employed as a seaman * * *."

The pleadings in the case at bar create other issues—but the sole question raised by these motions is whether or not the plaintiffs, who are captains of the defendant's lighters, are seamen and excluded from the coverage of the act.

The defendant is engaged in lightering cargo. As part of its business it operates a fleet of non self-propelled lighters in and about the harbor of New York. All of its lighters have issued to them a Consolidated Certificate of Enrollment and License for Coasting Trade. Each of said licenses bears the signature of the master of the named vessel.

From the plaintiffs' affidavits, it appears that they generally worked eight hours a day, were paid by the week and did not generally sleep or cook on the vessels. From the plaintiffs' affidavits and depositions it appears that the plaintiffs understood that it was part of their duties to care for the lighter and to report immediately any damage to her. They understood that when the vessel was towed during the day, they were to go with the vessel. They knew that the defendant could insist that they go on such trips at night. The plaintiffs did in fact go on some of the night trips. Both the depositions and the certificate of enrollment show an enclosure or cabin in which the plaintiffs could bunk if they had to be on board for any length of time. The depositions show and it is not denied or explained that the plaintiffs were expected to and did in fact and would if requested go on long trips aboard these vessels. The plaintiffs, it appears, were subject to the risks of seamen. In fact, some of the very lighters these plaintiffs were employed on foundered while the plaintiffs were aboard them.

The depositions show that some of the plaintiffs were employed on board the vessels before they had become the property of the defendant. That the vessels could be, were and are chartered out to third parties. In either of these events the vessel and its captain were not and are not separated. This factor would seem to give the plaintiffs a degree of permanency characteristic of ships and crews.

The depositions and affidavits show that the plaintiffs had among their duties the supervision of loading and unloading the lighters, watching for leaks, pumping bilge water, checking the spring and breast lines, and handling these lines in conjunction with a deck hand when the lighter was in towage.

The plaintiffs as lighter captains operated the hoisting equipment and rendered services as were reasonably required in the

loading and unloading of the vessels. They picked and hired crews of longshoremen and when necessary hired men to move the lighter to a safer berth. To me it seems from all the aforementioned, that the primary duty of each of the plaintiffs was the care, inspection and maintenance of the vessel. Each of them understood that they were to undertake the hazards of a trip if the vessels were shipped out of the immediate harbor. As such I believe they are seamen and are exempt from the coverage of the Fair Labor Standards Act.

That the plaintiffs are seamen as a matter of law would seem to be conclusively established in this circuit by United States Lighterage Corp. v. Hoey, 2 Cir., 142 F.2d 484. In that case the court had before it, the question of whether or not individuals doing work identical with that of the plaintiffs in the case at bar were exempted under Art. 10 of Regulations 91, Social Security Act, Title VIII, which exemption applied to "Officers and Members of Crews." The court there held that the individuals above described were excluded. As such they must be either officers or members of the crew of a vessel.

Norton v. Warner Co., 321 U.S. 565, 64 S.Ct. 747, 750, concerned itself with whether a bargeman who was injured when using a capstan to shift a barge at a pier was entitled to compensation under the Longshoremen's and Harbor Workers' Compensation Act. The court in a unanimous opinion, excluded the bargeman holding that he was a seaman and as such not covered by the act. Mr. Justice Douglas, writing for the court, said that: "If the award were to stand, there would be brought within the Act a group of workers whom we do not believe Congress intended to include." He pointed out that the term seaman is a concept at least as broad as and very often broader than the concept of the term crew, citing International Stevedoring Co. v. Haverty, 272 U.S. 50, 47 S.Ct. 19, 71 L.Ed. 157, and Carumbo v. Cape Cod S. S. Co., 1 Cir., 123 F.2d 991.

It would therefore seem that the principle of narrowly construing a statutory exemption from the coverage of legislation, social and remedial in nature, is not to be applied where such a construction would distort the common meaning of the words, and where narrowly construing the term might deprive those intended to be excluded from other benefits more favorable to the class as a whole.

The Administrator's wage and hour interpretive bulletins are such a restrictive interpretation. They would deny the plaintiffs the status of seaman because of some collateral work, and would in effect reverse the judicial trend to afford more workers the favored position held by seamen under maritime legislation, and as wards of the court. Such a restrictive construction has been disapproved by the courts. Gale et al. v. Union Bag & Paper Co., 5 Cir., 1940, 116 F.2d 27, certiorari denied, 1941, 313 U.S. 559, 61 S.Ct. 837, 85 L.Ed. 1519; Bolan v. Bay State Dredging & Contracting Co., D.C.Mass.1942, 48 F.Supp. 266.

I am of the opinion that the plaintiffs in the case at bar are seamen and as such are exempt from the coverage of Secs. 6 and 7 of the Fair Labor Standards Act, 29 U.S.C.A. §§ 206, 207.

Defendant's motions for summary judgment are granted.