**DeWITT v. UNITED STATES et al.**

No. 14907.

District Court, W. D. Washington, N. D.
July 30, 1946.

Sam L. Levinson, of Seattle, Wash., for libelant.

Bogle, Bogle & Gates, and Edw. S. Franklin, all of Seattle, Wash., for respondent Northland Transportation Co.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., for the United States.

McCORMICK, District Judge.

This is a libel in personam against respondents for personal injuries sustained by Robert A. DeWitt, an oiler, in the discharge of his duty on the S. S. "Charlotte Cushman." No factual issue is raised as to the locale of the accident or the extent of the injury or the amount claimed as damages or as to the way in which the accident occurred. The sole question presented at the hearing on the Merits and argued by the respective proctors is one of law—raised by allegations in the answer of respondents and more specifically by the First Affirmative Defense therein, as follows:

"Further Answering the libel of libelant and by way of a First Affirmative Defense thereto, respondents allege that if the libelant has been injured and/or damaged as in his libel alleged, or at all, said injuries and/or damages were not due to the negligence of any officer or member of the vessel but were caused by a member of the U. S. Army, under sole and exclusive jurisdiction of the United States Army at the Port of Okinawa, Japan, who was operating said winches at said time."

Epitomized, the following situation has been established by the record before the court:

Libelant, an employee of the respondent United States of America, on the S.S.

"Charlotte Cushman," was injured aboard the ship as the result of the negligence of the winch driver while operating a winch on the vessel in discharging cargo therefrom at Okinawa September 13, 1945. The winch driver was a member of the armed forces of the United States—a soldier—but at the time of causing the injuries to libelant was also engaged in maritime service on the ship "Charlotte Cushman."

The question for decision may be succinctly stated thus:

■ Is the undisputed fact that the winch driver was also a member of the armed forces of the Nation sufficient to exonerate or relieve the respondent United States of America and its general agent from liability under the Jones Act? 46 U.S.C.A. § 688.

We think the question should be answered in the negative.

■ Primarily, in considering actions of the type under consideration, while a maritime worker may not automatically avail himself of the remedies provided by Section 688 et seq. of Title 46 U.S.C.A. and the correlated and amplifying Act of March 24, 1943, Section 1291, Title 50 U.S.C.A. Appendix, such statutes are all remedial and should be broadly interpreted to accomplish their beneficent purpose to give protection to the "seaman" and to those dependent on his earnings. DeZon v. American President Lines, 9 Cir., 129 F.2d 404, affirmed 318 U. S. 660, 63 S.Ct. 814, 87 L.Ed. 1065; Van Camp Sea Food Co. v. Nordyke, 9 Cir., 1944, 140 F.2d 902.

There is nothing in any of the statutes pertinent and applicable to this libel which directly excludes from the effectiveness of this remedial legislation an "agent" or "employee" of the United States who also serves contemporaneously as a member of the armed forces of the Nation. It, in the light of the required liberality of construction of such remedial measures, would be tantamount to judicial legislation for the court to read matter into the statutes which would thwart or defeat the Congressional objective to secure to "seamen" protection and indemnity against maritime risks and hazards. Seas Shipping Co., Inc., v. Sieracki, 66 S.Ct. 872, 1946 A.M.C. 698 et seq.

■ In considering and ascertaining whether or not the winch driver at the time, place and environment of the accident was engaged with the injured oiler in maritime duties within the meaning of the broad protective provisions of the statutes applicable to this libel, it should be noted that no wartime activities were then being performed by either. The work of each was essentially a postwar maritime service, not dissimilar in character to the duties performed by the injured man and the stevedore, respectively discussed by the Supreme Court in International Stevedoring Co. v. Haverty, 272 U.S. 50, 47 S.Ct. 19, 71 L.Ed. 157.

■ We do not believe it necessary to characterize the soldier-winch driver as an "employee" of the United States in order to make secure to the injured seaman the salutary provisions of the statutes enacted for his benefit. The relationship which existed between the winch driver and the respondents at the time of the injury to libelant, as shown by the depositions before us, places both men in the maritime service of respondents, and renders them both responsible for the injuries sustained by the libelant. Hust v. Moore-McCormack Lines, Inc., 66 S.Ct. 1218, 1946 A.M.C. 727; See, also United States v. Marine, 4 Cir., 155 F.2d 456, 1946 A.M.C. 775.

Accordingly, findings of fact, conclusions of law and judgment ordered for libelant in the sum of $1,500 and costs.

Proctor for libelant will prepare, serve and present same to the judge under the rules or pursuant to stipulation between proctors.