## DE MARTINO v. BETHLEHEM STEEL CO.
### No. 4259.

Circuit Court of Appeals, First Circuit.
Nov. 13, 1947.

Stephen S. Bean, of Boston, Mass. (Joseph Schneider and Stanley H. Rudman, both of Boston, Mass., on the brief), for appellant.

Conrad W. Oberdorfer, of Boston, Mass. (Simon P. Townsend and Choate, Hall & Stewart, all of Boston, Mass., on the brief), for appellee.

Before MAGRUDER, MAHONEY and WOODBURY, Circuit Judges.

MAHONEY, Circuit Judge.

This is a libel in admiralty brought to recover damages for personal injuries. The libellant alleges that while "employed as a painter and performing seaman's duties aboard a certain dock which was owned by or under the control of the respondent who was using it in the navigable waters in the harbor of Boston, Massachusetts, in pursuance of navigation" he was injured by falling into the hold because of a defect of the dock. The libel states that the accident was caused by a negligent failure on the part of the respondent to provide the libellant with a safe place to work, to provide him with suitable appliances, and to refrain from other negligent conduct. It is further alleged that the libellant has received from his employer's insurer no award under the Longshoremen's and Harbor Workers' Compensation Act, 1927, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq., and has the right to proceed under the general admiralty and maritime law.

The respondent excepted to the libel and moved to dismiss on the ground that the Longshoremen's Act prescribes the exclusive remedy for the libellant and forecloses his bringing a suit in admiralty or at law. The lower court dismissed the libel and an appeal has been taken.

It is undisputed that the Act provides an exclusive remedy [1] against the employer for compensation for injuries or death for all "employees" [2] covered. From the plaintiff's libel it is clear that he is a harbor worker covered by the Act. He is employed on a dock; he is a painter. The allegation that he was performing seaman's duties does not negative his being a harbor worker. International Stevedoring Co. v. Haverty, 1926, 272 U.S. 50, 47 S.Ct. 19, 71 L.Ed. 157; Carumbo v. Cape Cod S. S. Co., 1 Cir., 1941, 123 F.2d 991. The whole tenor of the libel indicates that the libellant falls within the Act. It is true that masters or members of the crew of a vessel are not covered by the Act. But it does not appear that the libellant is engaged in navigation or is a member of a ship's company. See South Chicago Coal & Dock Co. v. Bassett, 1940, 309 U.S. 251, 260, 60 S.Ct. 544, 84 L. Ed. 732. Nor does there appear to be the permanent attachment to a vessel which commonly characterizes a crew. See Norton v. Warner Co., 1944, 321 U.S. 565, 573, 64 S.Ct. 747, 88 L.Ed. 430. The allegation that the libellant was performing seaman's duties is not a sufficient allegation that he was a member of the crew since seaman is not synonymous with member of a crew

---

[1] Section 5 states: "The liability of an employer prescribed in section 4 shall be exclusive and in place of all other liability of such employer to the employee * * * and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this Act, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this Act, or to maintain an action at law or in admiralty for damages on account of such injury or death. * * *"

[2] Section 2(3) states: "The term 'employee' does not include a master or member of a crew of any vessel, nor any person engaged by the master to load or unload or repair any small vessel under eighteen tons net."

but includes harbor workers. Carumbo v. Cape Cod S. S. Co., supra. Not only is there no allegation that the libellant was a member of a crew of a vessel or a master but the libel discloses just the opposite. A dock—even a floating dock—can hardly be considered a vessel since docks do not come within the statutory definition of vessel as including "every description of water craft or other artificial contrivance used, or capable of being used, as a means of transportation on water." Rev.Stat.1875, § 3, 1 U.S.C.A. § 3 (1940); cf. Cope v. Vallette Dry Dock Co., 1887, 119 U.S. 625, 627, 7 S.Ct. 336, 30 L.Ed. 501; Berton v. Tietjen & Lang Dry Dock Co., D.C.N.J.1915, 219 F. 763, 771.

■ Section 5 of the Act states that "if an employer fails to secure payment of compensation as required * * * an injured employee * * * may elect to claim compensation under this Act, or to maintain an action at law or in admiralty for damages." The libellant contends that whether or not the respondent maintains compensation insurance is a question of fact; that the burden of proving this fact is on the respondent, and that until it is shown that there is compensation insurance the exclusive remedy provided by the Act does not apply.

We find it difficult to understand this contention in view of the following statement from the libellant's brief: "But your libellant further says that it is clear from paragraph 5 of his libel that the libellee does in fact have compensation insurance, and in paragraph 5 it has been alleged that 'The libellant has received from his employer's insurer no award under the Longshoremen's and Harborworkers' Compensation Act or under any other Workmen's Compensation Act.'" And later the libellant states: "* * * it is apparent that the libellant could not mean that he has received no 'payment' and the use of the word 'award' would further seem to imply that he had in fact received some payment of compensation. * * *" Since the libellant himself admits his libel makes it clear that the respondent in fact has compensation insurance, we cannot agree with the contention now raised that the remedy under the Act is not here exclusive.

■ Libellant also maintains that his libel can be construed as a libel against a third party and not as against his employer. If this were so, of course the Act would not preclude the action. Seas Shipping Co. v. Sieracki, 1946, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099. But we fail to see how libellant can successfully maintain this claim. The libel speaks in terms of the "employer's insurer", and the libellant states that this shows the respondent had insurance. Furthermore, the libellant not only did not urge in the district court that his libel could be construed as stating a cause of action against a third party, but on the contrary admitted that it was intended as stating an action against his employer. Also libellant's assignment of errors is silent on this point. On these facts, the contention that this can be construed as an action against a third party is without merit.

The order dismissing the libel is affirmed.