**SCRINKO v. READING CO.**
**No. C 188–52.**

United States District Court
D. New Jersey.
Jan. 13, 1954.

proper function of a federal court. City Co. of New York, Inc. v. Stern, 8 Cir., 110 F.2d 601, 604.

6. Buder v. Becker, 8 Cir., 185 F.2d 311, 315.

Paul C. Kemeny, Perth Amboy, N. J., for plaintiff, for the motion for jury trial, and contra motion for judgment.

Katzenbach, Gildea & Rudner, by George Gildea, Trenton, N. J., for defendant, contra motion for jury trial, and for motion for judgment.

FORMAN, Chief Judge.

On February 20, 1952, plaintiff, Nicholas Scrinko, filed a complaint in this court alleging, among other things, that he, a resident of Perth Amboy, New Jersey, was a "coal trimmer and railroad employee" of the defendant, Reading Company, a corporation engaged in the operation of a railroad in interstate commerce; that on September 28, 1950 a barge moored at a pier of the defendant at Port Reading, New Jersey, was being loaded with coal by the defendant; that in the course of his employment plaintiff was required to go aboard the barge and while in the exercise of his duties a hatch cover fell upon the plaintiff and he was injured due to the alleged negligence upon the part of the defendant. On March 17, 1952, defendant answered the complaint for the most part denying the allegations and setting up separate defenses that the injuries, if any, sustained by the plaintiff, occurred on navigable waters and that his right to recover for such injuries is governed by the Act of Congress of the United States known as the Longshoremen's and Harbor Workers'

Compensation Act[1] and in the alternative that the plaintiff failed to use reasonable care for his own safety and was guilty of negligence causing or contributing to his injury.

On December 9, 1952 counsel for the parties stipulated that the complaint of the plaintiff should be amended by the addition of an allegation that the action arose under

"the Act of Congress, April 22, 1908, c. 149; 35 Stat. 65, and amendments thereto, U.S.C., Title 45, sec. 51 et seq., and further amended by the Act of Congress approved by the President of the United States on August 11, 1939, Chapter 685–1st Session of the 76th Congress, known and cited as 'The Federal Employers' Liability Act', and the 'Safety Appliance Act' [45 U.S. C.A. § 1 et seq.]."

The stipulation further provided that the defendant denied the amended allegations except that the address of the plaintiff was admitted.

In October of 1953 the plaintiff moved for a jury trial urging the following grounds:

"(a) The plaintiff did not waive a jury trial; (b) negligence under the Federal Employers' Liability Act is for the jury to determine; (c) the rule precluding a jury trial to this plaintiff is unconstitutional as it denies to this plaintiff a right inviolate preserved to him; and (d) the right of the court to make the rule was. granted with the express proviso that the right to a trial by jury shall be preserved inviolate to the parties, including the plaintiff."

Upon argument of the motion plaintiff's counsel referred to the fact that he

---

1. 33 U.S.C.A. § 901 et seq., portions of which, relevant to this case, are as follows:

"§ 902. Definitions. When used in this chapter—

\* \* \* \* \* \*

"(2) The term 'injury' means accidental injury or death arising out of and in the course of employment, * * *.

"(3) The term 'employee' does not include a master or member of a crew of any vessel, nor any person engaged by the master to load or unload or repair any small vessel under eighteen tons net.

"(4) The term 'employer' means an employer any of whose employees are employed in maritime employment, in whole or in part, upon the navigable waters of the United States (including any dry dock.)"

"§ 903. Coverage. (a) Compensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any dry dock) and if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State law. No compensation shall be payable in respect of the disability or death of—

"(1) A master or member of a crew of any vessel, nor any person engaged by the master to load or unload or repair any small vessel under eighteen tons net; * * *."

"§ 904. Liability for compensation. (a) Every employer shall be liable for and shall secure the payment to his employees of the compensation payable under sections 907, 908, and 909 of this chapter. * * * (b) Compensation shall be payable irrespective of fault as a cause for the injury."

"§ 905. Exclusiveness of liability. The liability of an employer prescribed in section 904 of this chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee."

had been substituted for the attorney who had brought the action originally and that his predecessor was in error in failing to demand a jury. He insisted that since the right to trial by jury is fundamental the court should overlook the waiver and supply a jury.

Rule 38(d) of the Federal Rules of Civil Procedure, 28 U.S.C., provides:

"The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. * * *"

 No valid demand was made for a jury in this case. In fact it was not until the case was placed on a trial calendar that plaintiff's present counsel, on October 8, 1953, made an informal ex parte application for a jury trial. There is nothing before the court now to prove that former counsel had inadvertently waived a jury trial. Present counsel merely voices it as his opinion that his predecessor erred or was negligent in so doing. The relevant Federal Rules of Civil Procedure have now been in effect approximately 15 years and it can be reasonably expected that counsel are familiar with them. While circumstances are readily conceivable which might move a court to permit a demand for jury trial where, as in this case, it has been waived by operation of the rules there should be a showing thereof to the level that they logically induce such action by the court. To require less is to countenance the rendering of the rules into impotency and an undermining of the very orderly procedures they are designed to effect. 5 Moore's Federal Practice (2d ed.) page 715 and cases therein cited. Nor is the inference that the rules in any event cannot deprive plaintiff of his fundamental right to a jury trial, as sought by his attorney to be established, an acceptable one. Jury trial in this case was waived by failure of the plaintiff, of course through his lawyer, to act in conformity with rules governing the subject and no substantial reason has been advanced why that waiver should now be vacated and a jury grant-

ed. The motion for the same will be denied.

Upon the argument of the foregoing motion, however, a shaft was aimed much more closely to the very heart of this lawsuit. In resisting the motion the defendant gave as one of its reasons the proposition that in no event would a jury be necessary in this case for there was no question of fact, but only one of law, which the defendant would rest upon at the trial of the case. It reiterated the special defense set up in its answer, namely that plaintiff was not entitled to sue under the Federal Employers' Liability Act and the Safety Appliance Act upon which he had predicated his complaint, but, that he was relegated to his remedy under the Longshoremen's and Harbor Workers' Act.

Recognizing that this was a defense that the parties would have to come to grips with sooner or later counsel dispensed with the formalities of noticing a new motion to raise the question and agreed to then and there meet the issue. The attorney of the defendant conceded that the barge in question in this case was not the property of the defendant and the attorney of the plaintiff conceded that it was in excess of 18 tons net, that when plaintiff had his accident thereon it was lying in navigable waters and that the defendant along with its railroad business engaged in some maritime operations.

Therefore the present application will be treated as if it were a motion by defendant for judgment on the pleadings dismissing the complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, 28 U.S.C.

The single question raised is whether the plaintiff may maintain his complaint in this case under the Federal Employers' Liability Act, for it is quite clear that no state of facts is alleged to justify the invocation of the Safety Appliance Act.

The defendant asserts that the case of Pennsylvania R. Co. v. O'Rourke, 1952, 344 U.S. 334, 73 S.Ct. 302, is dispositive of the question in its favor. In that case

O'Rourke was employed by the Pennsylvania Railroad as a "freight brakeman", and worked as part of a five-man crew making up trains. As an incident of their employment they had to work on the petitioner's car floats which moved railroad cars from and to their yard by water. O'Rourke was injured in the process of removing box cars from a float when he fell from one of the cars after climbing up on it to release the hand brake so that it could be removed from the float by an engine. The specific holding of the majority of the court was that the Longshoremen's and Harbor Workers' Compensation Act applied exclusively and that there could be no recovery under the Federal Employers' Liability Act.

O'Rourke sought to distinguish his case from Nogueira v. New York, N. H. & H. R. Co., 1930, 281 U.S. 128, 50 S.Ct. 303, 74 L.Ed. 754, wherein Nogueira, who was defendant's railroad brakeman, was injured on a car float while loading freight into a car, and the Supreme Court held that Nogueira's remedy was under the Longshoremen's and Harbor Workers' Act. O'Rourke contended that Nogueira's work was stevedoring but his was railroading. The Supreme Court in disposing of this contention stated:

"We are clear, however, that the emphasis on the nature of respondent's duties here missed the mark. The statute applies, by its own terms, to accidents on navigable waters when the employer has any employees engaged in maritime service. * * * Whether the injury occurred to an employee loading freight into cars on the float, as in the Nogueira case, or to one like respondent moving loaded cars from a float could make no difference. Both employments are maritime. * * * Besides § 902(4) is directed at the *employer when it speaks of maritime employment, not at the work the employee is doing.* The exclusive coverage of §§ 903, 905 extends to an employee of an employer, made liable by § 904, when he is injured,

*in the course of his employment,* on navigable waters. * * * An injured worker's particular activity at the time of injury determines of course whether he was injured in the course of his employment within § 902(2), and whether he was a member of the crew of the vessel within the exceptions of §§ 902(3) and 903(a) (1)." (Emphasis supplied.) 344 U.S. at pages 339–340, 73 S.Ct. at page 305.

And 344 U.S. at pages 341–342, 73 S. Ct. at page 306, the Court stated:

"If, then, the accident occurs on navigable waters, the Act must apply if the injured longshoreman was there in furtherance of his employer's business, irrespective of whether he himself can be labeled 'maritime.'"

In the earlier case of South Chicago Coal & Dock Co. v. Bassett, 1940, 309 U.S. 251, at page 260, 60 S.Ct. 544, at page 549, 84 L.Ed. 732, the Supreme Court stated that the statute covers those persons aboard the vessel performing work "of the sort performed by longshoremen and harbor workers and thus distinguished from those employees on the vessel who are naturally and primarily on board to aid in her navigation."

The plaintiff here insists that his case is different from the O'Rourke case because the defendant here does not own the barge on which he was injured and that plaintiff was engaged in only an extension of defendant's operation, in interstate commerce, on land, of loading coal on the barge in question. He urges further that he was eligible for compensation under the New Jersey Workmen's Compensation Law, N.J.S.A. 34:15–1 et seq., and so was expressly excluded from the benefit of § 903 of the Longshoremen's and Harbor Workers' Act. He contends that the Federal Employers' Liability Act is his paramount and exclusive remedy. He also submits that the Longshoremen's and Harbor Workers' Act is unconstitutional in any event because

(a) It becomes legislative adjudication "If as contended by the defendant, the liability made exclusive by said statute, is a liability other than liability without fault, arising ipso facto from the master-servant relationship, as for instance a liability based upon negligence as in the Federal Employers' Liability Act * * *."

"(b) If the excluded liabilities include other than compensation act liabilities, it denies plaintiff the right to a trial by jury guaranteed him by the seventh amendment to the constitution.

"(c) If the definition of 'employer' in said statute by 'meaning' 'an employer any of whose employees are employed in maritime employment * * *' excludes in any case the injured employee, it is discriminatory as to plaintiff as it denies him the benefits of a commercial regulation, others in his class, as fixed by Congress, may enjoy.

"(d) If the definition of 'employer' as contended for in the foregoing specification so excludes the injured plaintiff in any case, the statute is unconstitutional because it denies the plaintiff, due process and the equal protection of the laws.

"(e) If the meaning of 'employee' in said act comprehends one like plaintiff employed, not by the master of the vessel over eighteen tons net, but in the extension of the railroad operations of the defendant, the said statute is unconstitutional, because it discriminates against plaintiff as a member of a class legislated for by Congress, it denies him the benefits others in his legislated class enjoy, denies him a right to a trial by jury and denies him due process and the equal protection of the laws.

"(f) Because the said statute if construed as is contended by the defendant, to encompass other than accidental injuries divorced from negligence, and occupational diseases, it is unconstitutional for all of the reasons hereinabove set forth in all other specifications.

"(g) It is unconstitutional in divers other respects."

The plaintiff in this case was on board a barge lying in navigable waters performing his task of trimming coal for his railroad employer. The barge was conceded to be in excess of 18 tons and it is admitted that the railroad engaged at least in some maritime operations. He is no less the railroad employee cognizable under the Longshoremen's and Harbor Workers' Act than the brakeman removing cars from a float, or loading freight in a car on such a float as in the O'Rourke and Nogueira cases.

Nor does it appear essential that the boat or vessel should be the property of the employer as plaintiff contends. Neither the wording of the Act nor any of the decisions thereunder make ownership by the employer of the vessel upon which the employee was injured a condition precedent to recovery under the Act. See Parker v. Motor Boat Sales, 1941, 314 U.S. 244, 62 S.Ct. 221, 86 L.Ed. 184.

There is no merit to plaintiff's argument that he comes within an exception to the Longshoremen's and Harbor Workers' Act because he is compensable under the New Jersey Compensation Act. The cases[2] he cites refer to the "twilight zone" recognized in the case of Davis v. Department of Labor, 1942, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246, between state Workmen's Compensation Acts and the Longshoremen's and Harbor Workers' Act. In the main they refer to employees of ship builders or fitters, who are painters, electricians, etc., and concern themselves with the determination of whether the worker shall go under the state or the

2. Allisot v. Federal Shipbuilding & Drydock Co., 4 N.J. 445, 73 A.2d 153, and other cases cited by plaintiff.

federal act, or has his election of one or the other of them. But there is no authority for plaintiff's statement that an employee of a common carrier engaged in interstate commerce may pursue a remedy for injury in the course of his employment by way of a state workmen's compensation law. Indeed, the contrary is true for the exclusive remedy of such an employee is the Federal Employers' Liability Act [3] unless he come under such an exception as that confronting the plaintiff in this case.

An interesting reference to the influence of the case of Pennsylvania R. Co. v. O'Rourke, supra, upon the problem is contained in the recent decision of the New Jersey Supreme Court in Green v. Simpson & Brown Const. Co., N.J., 1953, 101 A.2d 10, 12,[4] wherein the plaintiff sought compensation under the New Jersey Workmen's Compensation Act on account of the death of her decedent, a boiler tender on a stationary dredge in navigable water but was relegated to the remedy afforded by the Longshoremen's and Harbor Workers' Act on the theory that he was employed on navigable water.

■ The contention of the plaintiff that the Longshoremen's and Harbor Workers' Act is unconstitutional for the reason that it denies plaintiff a trial by jury was ruled on to the contrary in Rowlette v. Rothstein Dental Laboratories, Inc., 1933, 61 App.D.C. 373, 63

---

3. Erie R. Co. v. Winfield, 244 U.S. 170, 37 S.Ct. 556, 61 L.Ed. 1057.

4. "The Appellate Division held that the Workmen's Compensation Division had jurisdiction because the case fell within the 'twilight zone' doctrine formulated and enunciated in Davis v. Department of Labor (1943), 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246, and applied by this court in Allisot v. Federal Shipbuilding & Drydock Co. (1950), 4 N.J. 445, 73 A.2d 153, to avoid the uncertainty then existing in areas where state and federal statutes might overlap. In this latter case the opinion traced the evolution of that doctrine. The jurisdiction of admiralty as to injuries is determined by the locality of the act, and in Southern Pacific Co. v. Jensen (1917), 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086, it was held that stevedoring is maritime in nature and that state legislation providing compensation to longshoremen injured in their work was contrary to the provisions of the Federal Constitution. In State Industrial Commission of State of New York v. Nordenholt Corp. (1922), 259 U.S. 263, 42 S.Ct. 473, 66 L.Ed. 933, it was held that when a longshoreman was injured on land, although engaged in loading a vessel the local law governed. Again, in International Stevedoring Co. v. Haverty (1926), 272 U.S. 50, 47 S.Ct. 19, 71 L.Ed. 157, the Supreme Court held that a longshoreman at work in the hold of a vessel in dock in navigable waters was a seaman in intentment of the Merchant Marine Act, 46 U.S.C.A. § 688. As a result of these and other decisions the Longshoremen's and Harbor Workers' Compensation Act was adopted. 44 Stat. 1424, c. 509, 33 U.S.C.A. § 901 et seq. (1927).

"The most recent pronouncement of the United States Supreme Court dealing with the question of the jurisdiction of the federal courts over cases involving injuries to employees occurring on navigable waters is the case of Pennsylvania R. Co. v. O'Rourke (1953), 344 U.S. 334, 73 S.Ct. 302, 97 L.Ed. 367.

"O'Rourke was a freight brakeman whose duties included work on car floats that moved freight and passenger cars from and to the railroad yards in Jersey City. On the night of his accident he climbed up on a car to release the hand brakes so it could be pulled off the float, fell and was injured. It will be observed that his duties were far less of a maritime nature, if he had any such, than those of Green in the instant case. While the question, in the O'Rourke case was the applicability of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., or the Longshoremen and Harbor Workers' Compensation Act, the court flatly held that a state has no power to enact statutes granting workmen's compensation for injuries sustained on navigable waters. It held the Circuit Court of Appeals for the Second Circuit, 194 F.2d 612, was in error in holding that the statute requires, as to the employee, both injury on navigable waters and maritime employment, and said 'If, then, the accident occurs on navigable waters, the Act must apply if the injured longshoreman was there in furtherance of his employer's business, irrespective of whether he himself can be labeled "maritime."'"

F.2d 150, certiorari denied 289 U.S. 736, 53 S.Ct. 657, 77 L.Ed. 1484. The invalidity of the constitutionality of the Act on plaintiff's other grounds is not sustained in view of the holding of South Chicago Co. v. Bassett, supra, and Crowell v. Benson, 1932, 285 U.S. 22, 52 S. Ct. 285, 76 L.Ed. 598.

Since the plaintiff's injury occurred in furtherance of his employer's business on a barge in excess of 18 tons lying in navigable waters and his employer was engaged in part at least in maritime operations, although for the most part its business was that of a common carrier in interstate commerce, his remedy is under the Longshoremen's and Harbor Workers' Act, as is clearly indicated in the case of Pennsylvania R. Co. v. O'Rourke, supra, 344 U.S. at page 339, 73 S.Ct. 302. See also South Chicago Co. v. Bassett, supra.

Hence the motion of plaintiff for a jury trial will be denied and the motion of defendant for dismissal of the complaint will be granted.

An order in conformity herewith should be submitted by the defendant.